LAKIS, D. B. A. MICKEY'S LOUNGE BAR, APPELLANT, *v.*
BOARD OF LIQUOR CONTROL, APPELLEE.*

(No. 7131—Decided March 26, 1963.)

*Mr. John T. Feighan* and *Mr. Ned L. Mann*, for appellant.
*Mr. William B. Saxbe*, attorney general, *Mr. Perry J. Bailes* and *Mr. Duane Lantz*, for appellee.

TROOP, J. Permit holder, Charles Lakis, d. b. a. Mickey's Lounge Bar, filed notice of appeal, July 17, 1962, on questions of law, from a judgment of the Court of Common Pleas of

---

*Motion to certify the record overruled (38221), September 25, 1963. Appeal dismissed, 175 Ohio St., 221.

164

Franklin County, case No. 212846, entered July 16, 1962, affirming an order of the Board of Liquor Control, issued December 15, 1961, as shown in the record of the board, case No. 22088.

Appellant, Charles Lakis, assigns seven errors alleged to have been committed by the trial court as the basis of this appeal.

The first assignment of error centers about rather technical points of law related to a former proceeding which took place in the Common Pleas Court of Franklin County identified as case No. 210519. Both cases, numbered 212846 and 210519, concern the action of the board in its case No. 22088. The record of the board, as presently before this court, consists of two parts, one of which was made on December 5, 1961, and the other on December 14, 1961.

In the December 5 record, Judge Lester, chairman of the board, recites a hearing before the board on January 24, 1961, and the finding of the board, as follows:

"Whereupon the aforesaid three members of the Board of Liquor Control present and participating in said hearing found the permittee in violation of charges as set forth in violations 1 and 2; to all of which permittee excepts."

Following this statement of the finding of the board the record shows that counsel for the permit holder made a motion requesting the board "to withhold the imposition of a penalty pending his appeal in accordance with law of each and all motions made by counsel for the permittee and overruled by the aforesaid three members of the Board of Liquor Control." The motion was sustained.

The December 5 record does not contain a complete record of the hearing on January 24, 1961, but it does reveal that several motions were made by counsel for the permittee preliminary to the hearing in chief, all of which were overruled. It was the rulings of the board on these motions that counsel for the permittee sought to have reviewed in a proposed appeal which was the reason advanced to the board to withhold penalty, which appeal became case No. 210519 in the Common Pleas Court.

It is not entirely clear what happened in case No. 210519 but it appears that Judge Robert Draper remanded the matter

to the board for further proceedings. There was, however, no formal journal entry signed by the court that became the proper record of his decision.

Counsel for the permittee argues, therefore, as the basis of his assignment of error No. 1, that this appeal is of no effect because case No. 212846 was improper, a prior appeal from a final order of the board in case No. 210519 being still pending. He asserts that it was still pending because there was no formal entry of disposition by the Common Pleas Court.

It is this assignment of error to which we address our consideration first. It is well settled that the Board of Liquor Control is governed by Chapter 119, Revised Code, the Administrative Procedure Act, in its hearings and procedures. Section 119.12, Revised Code, provides for appeals. The pertinent language is as follows:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, * * *, or revoking or suspending a license, may appeal from the order of the agency to the Court of Common Pleas * * *."

The record before this court fails to reveal an order of the board "revoking or suspending a license." The board simply found the permittee "in violation of charges." Suspension of the license of permittee does not appear in an order of the board until December 15, 1961, which recites a number of days in which the license was "suspended." That the comment of counsel for permittee in the December 5 record, "While perhaps we all committed error, * * *," is exactly in point appears established. Whoever may have erred, even counsel for the permittee, the omission to journalize the court's order in case No. 210519 is certainly not fatal since the appeal was not based upon an order that meets the specifications of Section 119.12, Revised Code, and because of that lack of finality the board retained jurisdiction and could continue hearings as it might order. Section 119.09, Revised Code, provides as follows:

"An agency may postpone or continue any adjudication hearing upon the application of any party or upon its own motion."

It should be noted that the rule in the case of *Diltz* v.

*Crouch, Director of Liquor Control* (1962), 173 Ohio St., 367, is not adverse to this holding, but rather supports it. The language of the court is as follows:

"The Board of Liquor Control has control over its orders until the actual institution of an appeal therefrom or the expiration of the time for an appeal."

The "actual institution of an appeal" came after the order of the board *suspending* the license.

Holding that the actual appeal was from the order of the board dated December 15, 1961, as recited in the notice of appeal filed by the permit holder, we encounter another problem. Section 119.12, Revised Code, provides further, as follows:

"Unless otherwise provided by law, in the hearing of the appeal the court is confined to the record as certified to it by the agency. * * *"

In assignment of error No. 2 the appellant complains that the trial court gave weight to facts and testimony contained in the record of the abortive appeal, case No. 210519, which record and evidence were not properly before the court. For some reason counsel has completely overlooked an entry appearing in the record of case No. 212846. On July 5, 1962, an entry signed by Judge Marshall reads as follows:

"For good cause shown, the record of proceedings filed in case No. 210519 are deemed filed and made a part of the record of proceedings in case No. 212846."

It is noted that the entry is approved by Ned L. Mann, attorney for the appellant. If Judge Gessaman examined the record previously made in case No. 210519 it was by order of the court approved by counsel for appellant, which would seem to be sufficient reason to conclude that the record certified is complete and that, contra to the argument presented orally, the court did not reach into another file and borrow facts to support a finding in the case before it.

In assignment of error No. 5 counsel protests that although this matter was contained in his brief presented to the trial court, no comment concerning the claimed error of the board was contained in the decision of the trial court. That it was not mentioned is true, and for that reason the claim that counsel was not permitted to cross-examine Ivan Smith, agent of the department, is considered here. The permittee claims the right

to examine Smith under the provisions of Section 2317.52, Revised Code, which was refused by the board requiring the permittee to call Smith as his own witness.

At the outset, attention was called to the fact that the Board of Liquor Control is governed by the provisions of the Administrative Procedure Act, Chapter 119, Revised Code, and such fact is reiterated. In the matter of the admission of evidence, Section 119.09, Revised Code, is controlling. It reads, in part, as follows:

"The agency shall pass upon the admissibility of evidence, but a party may at the time make objection to the rulings of the agency thereon, and if the agency refuses to admit evidence, the party offering the same shall make a proffer thereof, and such proffer shall be made a part of the record of such hearing.

"In any adjudication hearing required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency may call any party to testify under oath as upon cross-examination."

In spite of its Regulation No. 65, Section IV, quoted by counsel in their brief, the board is governed by the quoted provisions of the Administrative Procedure Act rather than the general provisions of Section 2317.52, Revised Code, as contained in the chapter on "Evidence" as pertains to Courts of Common Pleas. The ruling of the board was correct, but even if in error, the permittee could scarcely be prejudiced. Review of the "direct examination" of Ivan Smith, beginning at page 30 of the record, reveals a type of questioning bearing a very close resemblance to cross rather than direct examination as the label and order of the board suggests.

The assignments of error designated 3, 4, 6, and 7, contending that Smith and Rose were incompetent to testify before the board, that Smith violated board Rule No. 61, and that the appellant did not "knowingly" permit obscene language and soliciting, and that there was entrapment, were before the trial court in essentially similar form as here. In its decision, the trial court comments upon the errors designated 3 and 4 and rules upon them. An examination of the record of the cross-examination of Mr. Lakis would indicate substantial knowledge of what goes on in the permit premises. His testimony supports the conclusion of the trial court as to assignment of error No. 6 even though he made no particular comment in his decision.

168

It is unnecessary to surmise why the trial court did not comment upon the possible entrapment claimed by counsel for appellant. The test to determine whether entrapment is present is set out in *State* v. *Miller* (1948), 85 Ohio App., 376. The language of the court at page 378 reads as follows:

"* * * the defense is available to one who is induced or lured by an officer of the law or other person for the purpose of prosecution into the commission of a crime which he otherwise had no intention of committing. * * *."

An examination of the record could lead to no such conclusion in the instant case.

There was one appeal perfected to the trial court in case No. 212846. A complete record was certified to the court by the Board of Liquor Control, although in two parts, and it is as required by Chapter 119, Revised Code, and the appeal to this court is therefore proper, and the court so finds.

The trial court found also that the order of the board was supported by reliable, probative and substantial evidence in accordance with law and affirmed its order.

An examination of the record, as it appears before this court, does not reveal that the trial court was in error as to the conclusions reached or the affirmance of the order of the Board of Liquor Control.

*Judgment affirmed.*

DUFFY, P. J., and BRYANT, J., concur.