LITTLE SHIRLEY'S, INC., APPELLANT, *v.* BOARD OF
LIQUOR CONTROL, APPELLEE.

(No. 7516—Decided December 10, 1963.)

*Messrs. Saker & Yannon,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Perry J. Bailes, Mr. Duane F. Lantz* and *Mr. J. Richard Lumpe,* for appellee.

DUFFEY, J. Appellee has filed a motion to dismiss an appeal from the judgment of the Common Pleas Court of Franklin County. The trial court affirmed the orders of the Board of Liquor Control for suspension and revocation of appellant's permit. The notice of appeal was filed October 23, 1963. Pursuant to Rule VII (2) (a), Rules of the Courts of Appeals, appellant has fifty days from that date to file his assignments of error and brief. Neither has yet been filed.

The memorandum attached to appellee's motion contains many statements of fact which we will assume are of record. On the basis of these facts, appellee contends that ''appellant

has not, and cannot, state any question of either law or fact for this court to consider."

It is apparent that appellant has not and need not yet present any questions for review. He has not yet had an opportunity to present his case and his time to do so has not yet expired.

Appellee is requesting this court to examine into the merits of an appeal on preliminary motion when only a notice of appeal and the record have been filed and before assignments of error and brief are due.

The basic function of the motion to dismiss is to raise preliminary issues not related to the merits which do, or in the court's discretion may, dispose of the appeal. The usual grounds are jurisdiction, lack of prosecution or noncompliance with rules—none of which is involved here. If appellee is concerned with the time lapse, there are measures available. Where a case is of grave enough importance, this court can and has suspended its rules. Of course, even then a fair opportunity must be provided to the parties to present their case. Further, appellee may itself expedite the case greatly simply by promptly fulfilling its own function and placing this case in a position where it is ready for submission to the court. Appellee may also request a preference in assignment for hearing. From the time the attorneys are ready to submit a case, this court regularly assigns and hears the case in less than six weeks, and frequently in a shorter period. In addition, where oral argument is waived, a case is automatically submitted immediately.

If appellee's complaint is that the appeal is frivolous, the accusation is obviously premature.

The motion to dismiss is overruled.

*Motion overruled.*

Duffy, P. J., and Bryant, J., concur.

(Decided February 18, 1964.)

On the merits.

*Per Curiam.* Little Shirley's, Inc., a permit holder, appealed six orders of the Board of Liquor Control to the Com-

mon Pleas Court of Franklin County. The penalties in the six orders ranged from 21 days suspension to revocation. The appeal from the decisions of the board was perfected by the receiver of Little Shirley's, Inc., appointed by the Common Pleas Court of Franklin County, and the cause was submitted for decision upon the transcript of proceedings before the board, briefs, arguments and a motion by the permit holder to introduce additional evidence. The court refused to admit the alleged newly discovered evidence and sustained the orders of the board as supported by reliable, probative and substantial evidence and in accordance with law, from which judgment and final order this appeal is taken.

No assignment of error is presented in appellant's brief, but the gist of counsel's argument is that the value of the assets in the hands of the receiver, formerly belonging to the permit holder, would be substantially reduced if the revocation order stands. Such an argument leads to the conclusion that the appeal to the Common Pleas Court and to this court is, in effect, by creditors represented by the receiver and not by the permit holder. We do not determine whether such an appeal has standing under the provisions of Section 119.12, Revised Code, since the point was not raised. It is sufficient to say that such argument has little to do with the regularity of the decisions of the board and the affirming of them by the Common Pleas Court.

Supreme Court decisions in *State, ex rel. Zugravu,* v. *O'Brien* (1935), 130 Ohio St., 23, and in *Abraham* v. *Fioramonte* (1952), 158 Ohio St., 213, make it abundantly clear that a permit to carry on the liquor business is a license revocable under the law, and creates no property right. That rule of law is applicable in the instant case.

Counsel for the appellant urge that courts should apply a rule suggested in the case of *Wrightesmith* v. *Public Utilities Commission* (1963), 174 Ohio St., 537, and relax the severity of attitude in liquor permit cases. It is doubtful if the *Wrightesmith case, supra,* is in any way comparable to the instant case. Further, it must be pointed out that the state of Ohio has undertaken to control all phases of the liquor business in the exercise of the police power and for the protection of public morals. A principle device used in the exercise of that control is the permit system. To infringe upon, or in any way limit, the right

to issue or revoke permits in accordance with applicable law would be to undermine the fundamental purpose of the law.

The suffering creditor well knew the risks inherent in a business dependent upon a license or permit but elected to take it. Until the Legislature has a change of heart or the Supreme Court indicates a softening of attitude towards the permit holder, or his creditors, existing rules apply.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., DUFFEY and TROOP, JJ., concur.