ROXY MUSICAL BAR, INC., APPELLANT, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.

[Cite as Roxy Musical Bar v. Bd. of Liquor Control, 1 Ohio App 2d 480.]

(No. 7515—Decided December 17, 1963.)

*Mr. H. David Lefkowitz,* for appellant.
*Mr. William B. Saxbe,* attorney general, and *Mr. Duane F. Lantz,* for appellee.

*Per Curiam.* A motion of the appellee, Board of Liquor Control, requests the dismissal of an appeal to this court by ap-

pellant, Roxy Musical Bar, Inc., from the entry and order of the Common Pleas Court made October 16, 1963. The Court of Common Pleas held that the appeal made there, from an order of the Board of Liquor Control overruling a motion to make a departmental order definite and certain, was not a final order as provided in Section 119.12, Revised Code, and, therefore, not appealable. In the same entry the court directed that the board might proceed with its administrative hearing.

Under date of April 4, 1962, the Department of Liquor Control advised permittee, Roxy Musical Bar, Inc., of the rejection of its application for the renewal of its permits, reciting in the order the grounds for rejection, *i. e.*, violations of statutes and board rules. A motion was made before the board to require the department to make the refusal order definite and certain respecting the claimed violations of statute and rule. The motion was overruled by the board on September 21, 1962, and an appeal was taken to the Common Pleas Court. Notice of appeal was filed October 10, 1962.

The motion to dismiss the appeal is on for decision, and after a review of the record the motion appears to be well taken and is sustained.

Section 119.12, Revised Code, provides, as applicable here, as follows:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * denying the issuance or renewal of a license, * * *, may appeal * * *."

It is obvious that there never has been an adjudication upon the department's refusal to renew a permit. It is so obvious in fact that it prompts an observation that an appeal from an order resolving a motion to make definite and certain falls in the category of the often used maneuvers to sustain the ebbing life of a permit holder and has but little justification in the orderly processes of the administration of justice. It cannot be said that the party adversely affected, by the ruling of the board herein, is precluded from proceeding further, which is a reasonably widely approved test of a final order. A complete hearing before the board is still available.

For a more complete discussion of the problem presented, see a decision by this court in the case of *Lakis* v. *Board of Liquor Control*, 120 Ohio App., 163.

The attitude of this court in the disposition of motions to dismiss is clearly set out in the decision on such a motion in the case of *Little Shirley's, Inc.,* v. *Board of Liquor Control,* 120 Ohio App., 179. It is pointed out in that decision that the basic function of the motion to dismiss is to raise preliminary issues not related to the merits which do, or in the court's discretion may, dispose of the appeal. It is suggested that the usual grounds for the motion are jurisdiction, lack of prosecution or noncompliance with rules.

This motion to dismiss is not predicated upon any of the usual grounds. It is, however, not one that puts the court in the embarrassing position of disposing of the appeal because it is forced to decide upon the merits of the appeal. The merits of this case have never been determined because there never was a hearing on the merits. It is emphasized that this ruling is not intended to be construed as a departure from the customary position reflected in the *Shirley's, Inc., case, supra.* The purpose of the ruling in the instant case is to dispose of a flagrant abuse of appeal procedures, an appeal for the single, obvious purpose of extending time, and to discourage such practice in order to relieve the crowded dockets of our courts.

The motion of the Board of Liquor Control, appellee herein, to dismiss the appeal of Roxy Musical Bar, Inc., appellant herein, is sustained. The appeal is dismissed, and the cause is ordered returned to the Board of Liquor Control for further proceedings according to law.

*Judgment accordingly.*

Duffy, P. J., Bryant and Troop, JJ., concur.