THE STATE OF OHIO, APPELLEE, *v.*
JONES, APPELLANT.

(No. 13764—Decided March 1, 1989.)

*Sherri L. Bevan,* assistant prosecutor, for appellee.

*Thomas A. Shumaker,* for appellant.

QUILLIN, J. Defendant-appellant, Christine Jones, pleaded no contest to selling intoxicating liquor to a person under the age of twenty-one years in violation of R.C. 4301.69 and was convicted. We affirm.

In the trial court, the parties stipulated as follows:

"1. On May 10, 1988, defendant, an employee of B. G. BREE'S tavern on North Main Street in the City of Akron, County of Summit, and State of Ohio sold intoxicating liquor to one CONNIE SPRADLIN whose actual date of birth was July 22, 1969, making her eighteen (18) years of age at the time of the purchase.

"2. SPRADLIN was charged by agents of the Ohio Department of Liquor Control with the unlawful purchase and consumption of intoxicating liquor in violation of Ohio Revised Code Section 4301.632, and pled either guilty or no contest to said offenses. Defendant herein was charged by complaint with sale of intoxicating liquor to a person under the age of twenty-one (21) and entered a plea of not guilty to said charge. (Ohio Revised Code Section 4301.69)

"3. SPRADLIN had been frequenting the same liquor establishment for approximately one and one-half (1½) years, often after work; had on numerous occasions been asked in the past for her identification by defendant and others; and on such occasions had produced identification indicating that she was old enough to be served. One such I.D. had indicated that her birth date was July 22, 1966 (attached hereto as Exhibit 'A') and the other, her sister's Ohio Driver's License, indicated a birth date of September 10, 1966. (This I.D. is not available at this time.)

"4. Both I.D. cards previously shown would have identified SPRADLIN as old enough at the time of this offense to purchase intoxicating liquor.

"5. On May 10, 1988, the date of the instant offense, SPRADLIN was not asked for her identification. * * *

"6. Prior to trial of this cause defendant indicated her intent to utilize the affirmative defenses permitted pursuant to Ohio Revised Code 4301.639(A), (B), and (C); but was informed by the court that it considered a violation of 4301.69 to be a strict liability statute in that, if the buyer's I.D. was not checked at the time of the sale, the jury would be instructed to return a finding of guilty if the buyer was in fact under the age necessary to purchase same. This finding is pur-

suant to the court's interpretation of: *State* v. *Rich,* 4 Ohio App. 3d 77 (Ct. App. Hamilton Co., 1982) and *State* v. *Riley,* Unrep. (Ct. App. Summit Co. Case No. 12733, 1987).

"7. The foregoing is a full statement of facts stipulated to by the parties and the court prior to the entry of a 'no contest' plea by defendant."

### Assignment of Error II

"The trial court erred as a matter of law and fact and abused its discretion to defendant-appellant's prejudice by incorrectly applying a strict liability standard to the offense of sale of intoxicating liquor to an underage person in violation of O.R.C. Sec. 4301.69."

This court has previously ruled on this precise question of law, holding that R.C. 4301.69 is a strict liability offense, subject to the affirmative defense prescribed in R.C. 4301.639. *State* v. *Smith* (Oct. 14, 1987), Summit App. No. 13094, unreported; *State* v. *Breiding* (Feb. 4, 1987), Summit App. No. 12770, unreported; *State* v. *Won* (Dec. 31, 1986), Summit App. No. 12658, unreported. Accordingly, defendant's second assignment of error is overruled.

### Assignment of Error I

"The trial court erred as a matter of law and fact and abused its discretion to defendant-appellant's prejudice by virtue of its interpretation of case law and its pronounced decision that the defendant could not avail herself of the statutory affirmative defenses under the facts as stipulated."

Defendant-appellant bases her appeal on an incomplete jury charge that was not given in a trial that was not held. As the Ohio Supreme Court noted in *Egan* v. *National Distillers & Chemical Corp.* (1986), 25 Ohio St. 3d 176, 178, 25 OBR 243, 344, 495 N.E. 2d 904, 906: "* * * Any opinion the court might express * * * would be purely advisory, and. it is well-settled that this court will not indulge in advisory opinions."

The most defendant is entitled to is a *Bowers* review. (*Cuyahoga Falls* v. *Bowers* [1984], 9 Ohio St. 3d 148, 9 OBR 438, 459 N.E. 2d 534.) Based on the explanation of circumstances as contained in the stipulation, the trial court could, as it did, make a finding of guilty.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and REECE, J., concur.