OPINION
Appellant-appellant, UDF Limited Partnership II, appeals from a judgment of the Franklin County Court of Common Pleas, affirming the order of appellee-appellee, Liquor Control Commission ("commission"), which revoked appellant's liquor permit. Appellant assigns a single error:
 THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
Because the commission's order is supported by the requisite evidence and is in accordance with law, we affirm.
Appellant was notified that a hearing would be held before the commission on February 25, 1998, to determine whether its permit should be suspended or revoked for the following:
 On or about September 24, 1997, your agent and/or employee, SHATOYA L. COLEMAN was convicted in the Kettering Municipal court for violating in and upon the permit premises, Section 4301.69, Ohio Revised Code (sale of beer to person under 21) on September 5, 1997 in violation of Section 4301.25(A) of the Ohio Revised Code.
A similar notice was sent to appellant concerning the May 2, 1997 conviction of its agent or employee, Opal Koger.
At the hearing before the commission, the following occurred:
 MR. MASTRANGELO: On both cases it's a deny and stipulation to the violation. Based on that — is that correct, [counsel for appellant]? (Tr. 4.)
With that stipulation, counsel for appellant acknowledged the violations represented two more convictions in the Kettering location, but stated that in "both cases the clerk, in its report to the company, indicated that the individual looked to be of age, and they sold to them." (Tr. 5.) Moreover, counsel stated that "it is important to note that none of these were sales where a minor actually came in without being sent in by the police. And in both cases, the clerk, although it maybe a self-serving statement, indicated that the individual clearly looked to be of age." (Tr. 6.)
Following the hearing, appellee issued an order finding appellant to be in violation as to both incidents, and revoking appellant's permit, effective noon, March 26, 1998.
Appellant appealed the commission's decision to the Franklin County Court of Common Pleas. Following briefing, the common pleas court affirmed the decision of the commission, finding it to be supported by reliable, substantial, and probative evidence and in accordance with law. Appellant appeals, contending the trial court erred in so concluding.
In reviewing an administrative appeal pursuant to R.C.119.12, the common pleas court must determine if the order is supported by reliable, substantial, and probative evidence and is in accordance with law. However, an appellate court, in reviewing a judgment of the common pleas court which determines such an administrative appeal, is limited to determining whether the trial court abused its discretion. Roy v. Ohio State Medical Bd. (1992),80 Ohio App.3d 675. Our review of whether the commission's order is in accordance with law is plenary. General Motors Corp. v. JoeO'Brien Chevrolet, Inc. (1997), 118 Ohio App.3d 470.
Appellant's two clerks were convicted of violating R.C.4301.69, which states:
 (A) Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of his practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian.
Because of the convictions of appellant's clerks for violations of R.C. 4301.69, the commission considered whether appellant's permit should be suspended or revoked pursuant to R.C.4301.25(A)(1) which states:
 (A) The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause, and for the following causes:
 (1) Conviction of the holder or his agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony[.]
Given the foregoing, the conviction of appellant's clerks for violations of R.C. 4301.69 is grounds for the commission to suspend or revoke the permit issued to appellant. Moreover, at the hearing to determine whether appellant should have its permit suspended or revoked, appellant stipulated to the violations. Whether that be interpreted as a stipulation to a violation of R.C. 4301.69, or a violation of R.C. 4301.25(A), the stipulation provides substantial, reliable, and probative evidence on which the commission may conclude appellant violated R.C.4301.25(A), rendering appellant subject to having its permit suspended or revoked. See Davis v. Liquor Control Comm. (Jan. 16, 1974), Montgomery App. No. 4246, unreported; A.B. Jac., Inc. v.Liquor Comm. (1972), 29 Ohio St.2d 139; Liquor Control Comm. v.Woodgay (Sept. 23, 1981), Summit App. No. 10145, unreported.
Nonetheless, appellant contends the commission, and likewise the common pleas court, erred in failing to consider R.C.4301.639, which provides an affirmative defense to a permit holder, its agent or employee, stating:
 No permit holder, his agent or employee, or any other person may be found guilty of a violation of any section of this chapter or any rule of the liquor control commission in which age is an element of the offense, if the liquor control commission or any court of record finds all of the following:
 (A) That the person buying, at the time of so doing, exhibited to the permit holder, his agent or employee, or the other person a driver's or commercial driver's license or an identification card issued under sections 4507.50 to 4507.52 of the Revised Code showing that the person buying was then at least twenty-one years of age if he [or she] was buying beer as defined in section 4301.01 of the Revised Code or intoxicating liquor or that he was then at least eighteen years of age if he was buying any low-alcohol beverage;
 (B) That the permit holder, his agent or employee, or the other person made a bona fide effort to ascertain the true age of the person buying by checking the identification presented, at the time of the purchase, to ascertain that the description on the identification compared with the appearance of the buyer and that the identification presented had not been altered in any way;
 (C) That the permit holder, his agent or employee, or the other person had reason to believe that the person buying was of legal age.
Appellant arguably forfeited any opportunity to present evidence under R.C. 4301.639 by stipulating to the violations from the Kettering Municipal Court, where appellant's clerks were convicted under R.C. 4301.69 despite the availability of an affirmative defense under R.C. 4301.639. See State v. Jones
(1989), 57 Ohio App.3d 155 (finding R.C. 4301.69 to be a strict liability offense, subject to the affirmative defense set forth in R.C. 4301.639). Even if appellant could collaterally attack the conviction in the hearing before the commission by relying on evidence in support of an affirmative defense under R.C. 4301.69, appellant failed to do so. Appellant presented no evidence at the hearing, but argued in mitigation that its clerks indicated the customers appeared to be of age. Accordingly, appellant's contentions under R.C. 4301.639 are unpersuasive.
Appellant also raises entrapment as a defense. Assuming, without deciding, that entrapment could be a defense at the commission hearing, the record, at best, has only the barest reference to any assertion alluding to entrapment. Appellant, thus, arguably has waived the defense. See, e.g., Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210; Little ForestMed. Ctr. of Akron v. Ohio Civ. Rights Comm. (1993),91 Ohio App.3d 76, 80.
Moreover, even if the issue had been properly raised before the commission, appellant does not meet the elements of entrapment. The "defense is available to one who is induced or lured by an officer of the law or other person for the purpose of prosecution and into the commission of a crime which he otherwise had no intention of committing." Lakis v. Bd. of Liquor Control
(1963), 120 Ohio App. 163, 168, quoting State v. Miller (1948),85 Ohio App. 376. Appellant presented no evidence establishing it was induced or lured into committing acts that it would not otherwise have committed. Moreover, even if appellant had presented evidence in support of the argument it tendered, the actions of the Kettering Police Department in sending underage individuals to make purchases does not rise to the level of entrapment. Where, as here, "the police officer merely provides an opportunity for another to commit a crime, the defense of entrapment is not established." Luttgens, Inc. v. Liquor Control Comm. (May 4, 1976), Franklin App. No. 76AP-311, unreported (1976 Opinions 1269, 1280). Because appellant presented nothing more than counsel's contention that the Kettering Police Department sent underage customers into appellant's premises to purchase alcoholic beverages, appellant has failed to meet its burden of establishing the defense of entrapment.
Appellant also contends the commission failed to prepare and certify a complete record of the proceedings as required by R.C. 119.12, and the common pleas court thus should have entered a finding in favor of appellant. While R.C. 119.12 requires the agency to certify a complete record, it explicitly requires the party adversely affected to file a motion with the court to enter a finding in its favor. The record discloses no such motion filed by appellant, and appellant thus has waived any objection.
For the foregoing reasons, the trial court did not abuse its discretion in concluding that the commission's order is supported by reliable, substantial, and probative evidence and is in accordance with law. Accordingly, appellant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and KENNEDY, JJ., concur.