DECISION
Appellant, Deen Sons, Inc., appeals from a judgment of the Franklin County Court of Common Pleas, affirming an order of appellee, the Ohio Liquor Control Commission ("commission"), imposing a suspension, or alternatively a forfeiture, against appellant for selling alcohol to a person under the age of twenty-one.
Appellant owns and operates a "Dairy Mart" business, located at 5709 Maple Canyon Drive, Columbus, and appellant is the holder of a C1 and C2 liquor permit, authorizing the sale of liquor on the premises. On August 20, 1999, the Ohio Department of Public Safety/Liquor ("department") issued a notice of hearing to appellant, alleging a violation of R.C.4301.69. Specifically, the notice alleged that, on September 11, 1998, appellant's employee, Allwell Akatobi, "did sell in and upon permit premises" beer to Nicholas Pezzutti "who was then under 21 years of age." On September 21, 1999, the matter came for hearing before the commission.
Part of the evidence admitted at the hearing included an investigative report prepared by agents of the department's investigative unit. The facts set forth in the report indicate the following. On September 11, 1998, two agents were conducting a routine field investigation at the permit premises. On that date, the agents observed "a youthful looking male, later identified as Nicholas L. Pezzutti," enter the premises. The investigative report listed Pezzutti's date of birth as April 18, 1981. Pezzutti proceeded to a beer cooler, and then approached the checkout counter with a six-pack of "Budweiser" beer.
A male clerk, Allwell Akatobi, requested identification from Pezzutti. During this time, Akatobi was on the telephone, and he "took a very brief look at the identification" and handed it back to Pezzutti. Akatobi then rang up the sale and took money from Pezzutti for the purchase.
Following the sale, the agents approached Pezzutti and requested to see his identification. Pezzutti handed one of the agents an Ohio driver's license bearing the name of Shane Pezzutti, and reflecting a birth date of April 14, 1977. The agent "established that the license was expired and that it did not resemble N. Pezzutti in several aspects."
At the hearing before the commission, Pezzutti testified that he purchased Budweiser beer at the store on September 11, 1998, after presenting identification to the cashier. Pezzutti stated that the identification he provided was "my brother's old license that I found in his room." (Tr. 8.) Pezzutti stated that the license was expired. He further stated that he resembled his brother. Appellant's employee, Akatobi, also testified at the hearing. Akatobi acknowledged that he was aware, at the time of the sale, that the license was expired.
By order mailed on October 5, 1999, the commission found appellant in violation of R.C. 4301.69, and ordered appellant to pay a forfeiture in the amount of $1,000 or, alternatively, to serve a ten-day suspension. On October 21, 1999, appellant filed a notice of appeal with the trial court from the commission's order. By decision and entry filed July 7, 2000, the trial court affirmed the order of the commission.
On appeal, appellant sets forth the following single assignment of error for review:
 The Court of Common Pleas of Franklin County, Ohio, erred in ruling that the Decision of the Ohio Liquor Control Commission was supported by reliable, probative, and substantial evidence.
In considering an administrative appeal under R.C. 119.12, the standard of review to be applied by the trial court is whether the commission's order is supported by reliable, probative and substantial evidence and is in accordance with law. An appellate court's review "is limited to determining whether the common pleas court abused its discretion in finding that there was reliable, probative, and substantial evidence in the record to support the order of the commission." Leo G. Kaffalas,Inc. v. Ohio Liquor Control Commission (1991), 74 Ohio App.3d 650, 652.
Appellant contends that the evidence at the hearing before the commission indicated that appellant's employee, at the time of the sale to Pezzutti, requested identification from Pezzutti and was shown a driver's license. Appellant further asserts that appellant's employee made a bona fide effort to ascertain the identity of the purchaser, and that the employee had reasonable grounds to believe that Pezzutti was of legal age. Appellant contends that the actions of its employee were sufficient to satisfy the requirements of the defense available under R.C. 4301.639.
In general, R.C. 4301.69, prohibiting the sale of liquor to underage persons, "is a strict liability offense, subject to the affirmative defense prescribed in R.C. 4301.639." State v. Jones (1989),57 Ohio App.3d 155, 156. R.C. 4301.639 states as follows:
 (A) No permit holder, agent or employee of a permit holder, or any other person may be found guilty of a violation of any section of this chapter or any rule of the liquor control commission in which age is an element of the offense, if the liquor control commission or any court of record finds all of the following:
 (1) That the person buying, at the time of so doing, exhibited to the permit holder, the agent or employee of the permit holder, or the other person a driver's or commercial driver's license or an identification card issued under sections 4507.50 to 4507.52 of the Revised Code showing that the person buying was then at least twenty-one years of age if the person was buying beer as defined in section 4301.01
of the Revised Code or intoxicating liquor or that the person was then at least eighteen years of age if the person was buying any low-alcohol beverage;
 (2) That the permit holder, the agent or employee of the permit holder, or the other person made a bona fide effort to ascertain the true age of the person buying by checking the identification presented, at the time of the purchase, to ascertain that the description on the identification compared with the appearance of the buyer and that the identification presented had not been altered in any way;
 (3) That the permit holder, the agent or employee of the permit holder, or the other person had reason to believe that the person buying was of legal age.
Thus, it has been noted that, in order to establish an affirmative defense pursuant to R.C. 4301.639, the appellant must demonstrate that "the purchaser presented identification at the time of the sale; that appellant's employee checked the identification in a bona fide effort to ascertain the true age of the purchaser at the time of sale; and that the employee had reason to believe that the purchaser was then of legal age."Markho, Inc,. dba One Stop Carry-Out v. Ohio Liquor Control Comm. (Dec. 16, 1997), Franklin App. No. 97APE04-476, unreported. Further, "[u]nless all three of the requirements of R.C. 4301.639 are met, the statutory defense is not established." Id.
In the present case, the trial court, in affirming the commission's order, noted that the driver's license presented was expired, and that the cashier admitted that he was aware of that fact. The court found that the commission could have reasonably concluded that the good-faith defense was not applicable where the clerk failed to make further inquiry after observing that the license was expired. Upon review, we find no abuse of discretion by the trial court.
A similar issue was raised in Convenient Food Mart, Inc. v. LiquorControl Comm. (Sept. 16, 1994), Lake App. No. 93-L-138, unreported, in which the appellant was charged with selling and furnishing beer to an underage person. Under the facts of that case, the investigator's report indicated that Joseph Maruschak, eighteen years of age, purchased beer at appellant's place of business using another individual's driver's license. The investigator's report established that appellant's employee asked Maruschak for identification and was given an expired driver's license. The commission rejected appellant's claim that it had established the affirmative defense under R.C. 4301.639.
On appeal, the trial court found that reliable, probative and substantial evidence supported the commission's order, noting in part that "the sales clerk only glanced at the driver's license and failed to notice * * * that the license was expired." Id. On further appeal, the appellate court found that the trial court did not abuse its discretion in affirming the commission's order. The court held that "[t]he mere fact that appellant's employee asked for and made some effort to inspect the purchaser's license does not establish the good faith defense as a matter of law." Id. Rather, "[i]t was not unreasonable for the trial court to find there existed sufficient evidence in the record that the seller did not make a bona fide effort to ascertain the true age of the purchaser, or that the seller did not have reason to believe the purchaser was of legal age." Id.
Similarly, in the instant case, appellant's employee, although observing that the driver's license presented by the customer was expired, made no further inquiry of this individual, who was four years younger than the date of the person on the license. This court has previously noted that "R.C. 4301.639(A) requires that a proper identification must be shown at the time of purchase." Willie's JointVenture dba Lost City of Atlantis v. Liquor Control Comm. (Sept. 28, 1993), Franklin App. No. 93AP-497, unreported. Here, under the facts presented, the commission could have concluded that, despite the request by the clerk to see identification, the seller nevertheless failed to make a bona fide effort to determine the true age of the purchaser.Convenient Food Mart, supra. Accordingly, we find no abuse of discretion by the trial court in affirming the decision of the commission.
Based upon the foregoing, appellant's single assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 LAZARUS and KENNEDY, JJ., concur.