OPINION
{¶ 1} In these coordinated cases, plaintiff-appellant, state of Ohio, appeals from judgments of the Franklin County Municipal Court dismissing a complaint issued against defendant-appellee, Adrian E. King, in case No. 02AP-661, and a complaint issued against defendant-appellee, Kelly Montgomery, in case No. 02AP-662, on the basis that the complaints were defective for failing to include the mental element of "recklessness." Because the trial court erred in determining former R.C. 4301.69(A) ["R.C. 4301.69(A)"] is not a strict liability statute, we reverse.
 {¶ 2} In case No. 02AP-661, a complaint filed on November 27, 2001, charged defendant King with unlawfully selling a 12 ounce bottle of Bud Light beer for $2.30 on November 24, 2001, to a 19-year-old, in violation of R.C. 4301.69(A). The matter was scheduled for trial in May 2002. In case No. 02AP-662, a complaint filed on February 11, 2002, charged defendant Montgomery with unlawfully selling beer for $5 on February 9, 2002, to a reliable confidential informant who was 19 years old, in violation of R.C. 4301.69(A). The case also was set for trial in May 2002.
 {¶ 3} At or near the time of trial, each defendant sought dismissal, contending the complaint was faulty for failure to state "recklessness" as a mental element. Over the prosecution's objection, the trial court dismissed each case for failure of the complaint to reflect the mental element of recklessness. The state appeals, assigning the same error in both cases:
 {¶ 4} "THE TRIAL COURT ERRED IN DISMISSING AS DEFECTIVE A COMPLAINT THAT DID NOT CONTAIN THE MENTAL ELEMENT OF `RECKLESSNESS' WHERE SUCH ELEMENT IS NOT PART OF THE OFFENSE."
 {¶ 5} R.C. 4301.69(A) states:
 {¶ 6} "Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian."
 {¶ 7} R.C. 4301.69(A) does not indicate any degree of culpability. The sole issue presented in the state's single assignment of error in each case is whether R.C. 4301.69(A) is a strict liability statute, or whether some degree of culpability is inherent in the statute.
 {¶ 8} Because R.C. 4301.69(A) does not state a mental element, or degree of culpability, R.C. 2901.21(B) is pertinent and provides:
 {¶ 9} "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 10} The trial court applied both R.C. 2901.21(B) and this court's opinion in State v. Gregg (May 25, 2000), Franklin App. No. 99AP-1194, and determined the element of recklessness applies to the act of selling beer to an underage person under R.C. 4301.69(A).
 {¶ 11} The Ohio Supreme Court recently addressed R.C. 2901.21(B) in State v. Maxwell, 95 Ohio St.3d 254, 2002-Ohio-2121, explaining that "a court must be able to answer in the negative the following two questions before applying the element of recklessness pursuant to R.C.2901.21(B): (1) does the section defining an offense specify any degree of culpability, and (2) does the section plainly indicate a purpose to impose strict criminal liability?" Id. at ¶ 21.
 {¶ 12} In discussing the test, the court clarified what "section" means in R.C. 2901.21(B): "The General Assembly distinguishes between sections and divisions in the Ohio Revised Code." Id. at ¶ 22. As support, the court used R.C. 2901.21(A), which begins "[e]xcept as provided in division (B) of this section." With that example, the court concluded that "in determining whether R.C. 2901.21(B) can operate to supply the mental element of recklessness to R.C. 2907.321(A)(6), we need to determine whether the entire section includes a mental element, not just whether division (A)(6) includes such an element." (Emphasis sic.) Id. In examining R.C. 2907.321(A), the court noted that, although R.C.2907.321(A) in one part states "with knowledge of the character of the material or performance involved," (A)(6) has no mental element. Accordingly, the court determined the absence of a mental element in (A)(6) was a plain indication of the General Assembly's intent to impose strict liability for that aspect of an offense under (A)(6).
 {¶ 13} Because R.C. 2901.21(B)'s reference to "section" applies to the entirety of R.C. 4301.69, not to separate divisions (A) through (H), we may compare, as in Maxwell, the mental element used in the various divisions of the section to determine whether the legislature plainly indicated an intent to impose strict liability. Within R.C. 4301.69, division (A) requires no mental element, while (B), (D)(2), (E) and (F) require that the person act "knowingly," and (C) and (D)(1) require that the person "knows or has reason to know." By using a mental element in the other divisions of R.C. 4301.69, the legislature has plainly indicated a purpose to impose strict liability under division (A). Maxwell, supra; see, also, State v. Wac (1981), 68 Ohio St.2d 84. Cf. Markho, Inc. v. Ohio Liquor Control Comm. (Dec. 16, 1997), Franklin App. No. 97APE04-476 ("R.C. 4301.69 is a strict liability offense subject to the affirmative defenses of R.C. 4301.639").
 {¶ 14} Indeed, we have found no appellate cases, and defendants have pointed us to none, that have determined R.C. 4301.69(A) to be anything but a strict liability offense. Rather, numerous courts have held recklessness is not an element of the offense under R.C. 4301.69(A). See State v. Chumbley (1998), 128 Ohio App.3d 323, at 325, and the cases there cited: State v. Jones (1989), 57 Ohio App.3d 155, cause dismissed,44 Ohio St.3d 702; State v. Cheraso (1988), 43 Ohio App.3d 221; Markho, supra; D. Michael Smith Enterprises, Inc. v. Ohio Liquor Control Comm. (Oct. 29, 1997), Summit App. No. 18332, dismissed, appeal not allowed (1998), 81 Ohio St.3d 1453; State v. Spicer (Mar. 30, 1994), Greene App. No. 93 CA 55; Willie's Joint Venture v. Ohio Liquor Control Comm. (Sept. 28, 1993), Franklin App. No. 93AP-497, dismissed, jurisdictional motion overruled (1994), 69 Ohio St.3d 1402; State v. Wilson (June 13, 1991), Delaware App. No. 90-CA-38; State v. McConnell (Nov. 2, 1988), Champaign App. No. 88 CA 5; State v. Ohl (May 27, 1988), Geauga App. No. 1390; State v. Smith (Oct. 14, 1987), Summit App. No. 13094; State, City of Akron v. Riley (Apr. 15, 1987), Summit App. No. 12733; State v. Won (Dec. 31, 1986), Summit App. No. 12658.
 {¶ 15} Defendants nonetheless contend that, because a violation of R.C. 4301.69 is a misdemeanor with the potential for imprisonment, policy considerations dictate that the statute be construed to include a mental element of recklessness. In Maxwell, however, the Supreme Court was faced with similar circumstances. Violation of the statute at issue in Maxwell was a felony also carrying the potential for imprisonment. Nonetheless, the trial court strictly applied the language of R.C. 2901.21(B) to conclude that a portion of the statute was a strict liability offense. As noted, the analysis employed in Maxwell dictates that R.C. 4301.69(A) is a strict liability offense.
 {¶ 16} Moreover, as in Maxwell, policy considerations support that interpretation. In Maxwell, the court noted the "General Assembly has assumed a strong stance against sex-related acts involving minors, as evidenced by the numerous statutes in the Ohio Revised Code providing for criminal liability for those acts. Therefore, it is reasonable to presume that the inclusion of a knowledge requirement regarding the character of the material and the absence of a mental element elsewhere in R.C. 2907.321
reflect legislative intent to impose strict liability for the act of bringing child pornography into the state of Ohio." Id. at ¶ 30. Similarly, here, an entire chapter of the Revised Code relates to the regulation and sale of alcohol, and R.C. 4301.69 reflects a strong stance against the sale of alcohol to underage persons. As in Maxell, it is reasonable to conclude here that the legislature's inserting a knowledge element into some divisions of the section, but omitting one in division (A), reflects a legislative intent to impose strict liability.
 {¶ 17} Under the guidelines set forth in Maxwell, the absence of a mental element in R.C. 4301.69(A), coupled with the presence of some degree of culpability in the remaining divisions of that section, plainly indicates the legislature intended R.C. 4301.69 to be a strict liability offense. Because the second question set forth in Maxwell cannot be answered in the negative, the trial court erred in applying the element of recklessness pursuant to R.C. 2901.21(B)(2) in R.C. 4301.69(A). The state's single assignment of error in each case is sustained, the judgment in each case is reversed, and both cases are remanded to the trial court for further proceedings consistent with this opinion.
Judgments reversed and cases remanded.
KLATT and DESHLER, JJ., concur.