DECISION AND JUDGMENT ENTRY
{¶ 1} The Marietta Municipal Court convicted Deirdre Jones of violating R.C. 4301.69(A), which prohibits selling alcohol to a minor. Jones asserts that the requisite mens rea for the offense is recklessness, and that the trial court erroneously treated the offense as a strict liability offense. Consequently, Jones asserts that her conviction is not supported by sufficient evidence, and that the trial court erred in failing to instruct the jury on every element of the crime charged, particularly in failing to instruct the jury to determine whether Jones exhibited recklessness. Because we find that R.C. 4301.69(A) is a strict liability offense, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On October 17, 2002, Jones was working at the BP Station in Washington County. Miranda Jackson, a nineteen year-old confidential informant for the Ohio Department of Public Safety, entered the BP store, removed a can of beer from the cooler, and took it to the checkout counter. Jones asked Jackson for identification, and Jackson provided Jones with her Ohio driver's license. Jones looked at the license, returned it to Jackson, proceeded to ring up the beer and requested the purchase price. Jackson paid for the beer and left the store with it. Law enforcement officers then entered the store and presented Jones with a summons for the charge of selling beer to an underage person in violation of R.C. 4301.69(A).
 {¶ 3} During the jury trial, Jones testified that Jackson provided her with a false driver's license that identified her as over twenty-one. However, Jackson testified that she did not present a false license, that she presented her actual driver's license, and that her driver's license correctly depicts her age. The State introduced into evidence Jackson's license, which reflects that she was nineteen on October 17, 2002.
 {¶ 4} The trial court instructed the jury that it should find Jones guilty if it found that the State proved that Jones sold beer to Jackson and that Jackson was under the age of twenty-one, and not accompanied by a parent, spouse over the age of twenty-one, or legal guardian at the time of the purchase. The jury returned a verdict of guilty, and the trial court entered a judgment and sentence accordingly.
 {¶ 5} Jones appeals, asserting the following assignments of error: "I. The trial court erred by convicting Ms. Jones when the evidence was insufficient to sustain a conviction for selling alcohol to an underage person. II. The trial court erred when it gave a jury instruction that failed to include every element of the crime charged, in violation of R.C. 2945.11 and the Due Process Clauses of the United States and Ohio constitutions."
 II. {¶ 6} Jones alleges that the record does not contain sufficient evidence to support her conviction in her first assignment of error, and that the trial court did not instruct the jury properly in her second assignment of error. However, Jones supports both of her assignments of error with her contention that R.C. 4301.69(A) is not a strict liability offense. Because the question of whether R.C. 4301.69(A) constitutes a strict liability offense is dispositive of both assignments of error, we consider the assignments jointly.
 {¶ 7} R.C. 4301.69(A) provides: "Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person * * *." Jones asserts that R.C. 4301.69(A) does not contain a mens rea requirement, and that recklessness is the applicable mens rea for R.C. 4301.69(A) by operation of R.C.2901.21(B). R.C. 2901.21 provides: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit an offense."
 {¶ 8} This court has specifically held that R.C. 4301.69 is a strict liability offense subject to affirmative defenses.Nocturnal, Inc. v. Liquor Control Commission (Dec. 8, 1994), Gallia App. No. 94CA8. Moreover, a plethora of other appellate courts have considered the same question, particularly with regard to subsection (A) of R.C. 4301.69, and have reached the same conclusion. See State v. Chumbley (1998),128 Ohio App.3d 323, 325; State v. Jones (1989), 57 Ohio App.3d 155; State v.Cheraso (1988), 43 Ohio App.3d 221. In State v. Won (Dec. 31, 1986), Summit App. No. 12658, the court plainly debunked the very argument Jones sets forth in her brief: "There is nothing in the statute which indicates that the state must prove a defendant possessed some degree of criminal intent to be convicted of violating R.C. 4301.69. On the contrary, when R.C. 4301.69 is read in pari materia with R.C. 4301.639, a standard of strict liability becomes apparent. R.C. 4301.639 sets forth the requirements for an affirmative defense for a violation of Chapter 4301 of the Revised Code. Specifically, under R.C.4301.639, good faith acceptance of spurious identification is an affirmative defense * * *. We find that the legislature, by supplying the affirmative defense provisions of R.C. 4301.639, has created a strict liability offense in R.C. 4301.69." We agree with the analysis set forth in Won, and reject Jones' contention that R.C. 4301.69(A) is not a strict liability offense.
 {¶ 9} Because we find that the trial court did not err in treating R.C. 4301.69(A) as a strict liability offense, the arguments Jones sets forth in support of her two assignments of error are without merit. Accordingly, we overrule Jones' assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.