This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment in favor of appellee J-Ard Corporation, dba Club Malibu, and dismissed the complaint of appellants Gary Wietrzykowski, et al. For the reasons that follow, this court affirms the judgment of the trial court.
Appellants set forth the following assignment of error:
 "1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WIETRZYKOWSKI WHEN IT GRANTED APPELLEE J-ARD CORP.'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE COMMON LAW PROVIDES THAT APPELLEE HAD A DUTY TO PROTECT APPELLANT FROM THE FORESEEABLE AND HARMFUL ACTS OF THIRD PARTIES."
The facts that are relevant to the issues raised on appeal are as follows. On July 1, 1995, appellant Gary Wietrzykowski was assaulted by two men at the Club Malibu, a bar owned by appellee J-Ard Corporation. Appellants Gary and Tina Wietrzykowski initially filed a complaint in which they named as defendants J-Ard Corp., dba Club Malibu, and the two men who assaulted Gary. The two assailants, believed to be Keary Serabia and Charles Webb, were never apprehended by the police and subsequently were dismissed from this cause of action. On May 21, 1998, appellants filed an amended complaint in which they alleged that Gary's injuries were the result of appellee's negligence in failing to protect its business invitees from foreseeable harmful conduct of third parties. Appellants specifically alleged that Club Malibu failed to maintain a safe environment by selling intoxicating liquor to Serabia and Webb in violation of R.C.4399.01 and 4399.18; negligently permitted Serabia and Webb to remain on the premises when it knew or should have known of their aggressive and hostile tendencies as well as their intoxicated condition; and breached its duty to protect appellants from aggression by Serabia and Webb.
Appellees moved for summary judgment, arguing that R.C.4399.18 provides the exclusive remedy for victims of tortious conduct committed by third parties in establishments governed by the Ohio Liquor Control Commission; Club Malibu did not knowingly sell intoxicating beverages to noticeably intoxicated persons,
whose intoxication proximately caused Gary's injuries, and that therefore there was no violation of R.C. 4399.18; and there is no genuine issue as to whether Club Malibu was negligent because it did not, and could not in the exercise of ordinary care, know that Serabia and Webb would assault appellant.
At a hearing held March 24, 1999 on the motion for summary judgment, appellants responded that they "probably have not met our burden of proof on the 01 claim" and "probably are not real strong on the 18 claim * * *." Appellants further responded, however, that they should prevail based on a claim of negligence due to appellee's failure to protect Gary from the foreseeable violent acts of third persons.
On April 1, 1999, the trial court granted summary judgment in favor of appellee and dismissed appellants' complaint. The trial court found appellants' claims brought pursuant to R.C.4399.01 and 4399.18 not well-taken; appellant does not contest those findings on appeal. As to appellants' claim of negligence brought under the common law, the trial court found that R.C.4399.01 and 4399.18 set forth the exclusive remedies available to an injured party in a case involving the liability of liquor permit holders for damages caused by intoxicated persons and that appellants' common law claim of negligence is therefore not actionable.
Appellants' sole argument on appeal is that the trial court erred by failing to find that Club Malibu had a duty to protect Gary from the foreseeable harmful conduct of his attackers. Appellants argue, as they did in response to appellee's motion for summary judgment, that they are entitled to relief under the common law rule that establishes that an occupier of premises has a duty to protect business invitees from foreseeable harm caused by third parties and that the common law rule is separate from those remedies set forth under R.C. 4399.18.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Under R.C. 2307.60, anyone injured by a criminal act may recover their full damages in a civil action. R.C. 4399.18, enacted in 1986, limited this right with regard to cases involving the liability of liquor permit holders for damages caused by intoxicated persons. With the enactment of R.C. 4399.18, the General Assembly attempted to codify the existing common law policy regarding the liability of others for the actions of intoxicated persons. See Gressman v. McClain, (1988), 40 Ohio St.3d 359
at 362, and R.C. 4399.18. R.C. 4399.18 reads as follows:
 "§ 4399.18 Limitations on liability for acts of intoxicated person.
 "Notwithstanding section 2307.60 and except as otherwise provided in this section and in section 4399.01 of the Revised Code, no person, and no executor or administrator of the person, who suffers personal injury, death, or property damages as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damages occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees. A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:
 "(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:
 "(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;
 "(2) A person in violation of division (C) of section 4301.22 of the Revised Code;
 "(3) A person in violation of section 4301.69 of the Revised Code;
 "(B) The person's intoxication proximately caused the personal injury, death, or property damages.
 "Notwithstanding sections 4399.02 and 4399.05 of the Revised Code, no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against the owner of a building or premises who rents or leases the building or premises to a liquor permit holder against whom a cause of action may be brought under this section, except when the owner and the permit holder are the same person."
Appellants base their claim on appeal on what they claim is established Ohio common law that a business owner has a duty to safeguard its invitees from the criminal acts of third parties. Appellants initially insist that the common law remedy is in addition to the remedies set forth under R.C. 4399.01 and4399.18, but in their reply brief they make the following statement: "* * * Brown and decisions similar to it, do establish that the statutory remedies provided by the Ohio Revised Code are the exclusive remedy for the harmful acts committed by third parties who are noticeably intoxicated patrons of liquor establishments." (Emphasis in original.) The only reason this court can discern for appellants to make such an admission might be to support a new claim that Gary's assailants were not
intoxicated and to thereby possibly bolster their argument that appellee is liable under a common law theory of negligence for the criminal acts of third parties. Such an argument would be without merit as there is no such body of common law in this state. Throughout this case appellants have asserted, and have made every effort to prove, that the assailants were in fact intoxicated, that appellee had notice of their condition, and that appellee should have taken steps to protect Gary from the type of injuries that occurred. It now appears that appellants may be trying to assert that the assailants were not intoxicated, so that they can remove their case from the scope of R.C. 4399.01 and 4399.18 and present it under a common law theory of negligence. Such a common law theory of negligence is not the argument that appellants presented in the trial court or the argument the trial court considered in making its ruling on summary judgment. The trial court found that under the facts of this case, R.C. 4399.18 and 4399.01 provide the sole remedies. This court agrees.
In a 1990 case which arose from personal injuries caused by an intoxicated bar patron, this court considered the applicability of R.C. 4399.01 and 4399.18, as well as the common law negligence theory. Brown, et al. v. Hyatt-Allen AmericanLegion Post No. 538, et al. (Nov. 9, 1990), Lucas App. No. L-89-336, unreported. In Brown, the plaintiff-appellant brought common law and statutory negligence actions against the bar owner. This court reviewed the history of this type of personal injury lawsuit and found that the plaintiff's common law claims of negligence were not actionable because R.C. 4399.01 and 4399.18
set forth the exclusive remedies available to the injured party. This same conclusion was reached in Cummins v. Rubio (1993),87 Ohio App.3d 516, which arose out of a lawsuit filed by a man who suffered a knife injury inflicted by an intoxicated bar patron. In Cummins, the injured appellant brought suit against the bar for failing to provide reasonable security measures for appellant's protection. The appeals court affirmed the trial court's finding that R.C. 4399.18 provides the sole and exclusive remedy for anyone injured as a result of an action by an intoxicated person who had been sold liquor at a liquor permit establishment. In reaching its decision, the Cummins court noted that "[s]ince 1986 it has been held that the General Assembly clearly intended that all causes of action brought against liquor permit holders or their employees for the negligent acts of intoxicated patrons be brought pursuant to either R.C. 4399.01 or 4399.18. Vitek v. Wilcox (Nov. 9, 1990), Williams App. No. WM89000004, unreported * * * Brown v. Hyatt-Allen (Nov. 9, 1990), Lucas App. No. L-89-336 * * *." Cummins further acknowledgedStillwell v. Johnson (1991), 76 Ohio App.3d 684 at 688, wherein the appeals court stated:
 "The historical evolution of the case law and the provisions of R.C. 4399.18 lead us to agree with the court's conclusion in Vitek that the clear intent of the General Assembly is that all common-law and prior statutory actions against liquor-permit holders or their employees for the negligent acts of intoxicated patrons are now merged and are limited to those remedies available either in R.C. 4399.01 or in R.C. 4399.18."
The holdings cited above clearly support the decision of the trial court in this case that appellants' sole remedies against appellee are under R.C. 4399.01 and 4399.18. Additionally, appellants essentially admitted at the March 24, 1999 hearing that they had not met their burden of proof on their claims under R.C.4399.01 and 4399.18, and they have not appealed the trial court's finding as to those claims. Upon consideration of the foregoing and the law, this court finds that: a) appellee is entitled to judgment as a matter of law and b) the trial court did not err by granting summary judgment in favor of appellee. Accordingly, appellants' sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.