STILLWELL, Admr., Appellant,

v.

JOHNSON et al.; Inpro Enterprises, Inc. et al., Appellees.

[Cite as *Stillwell v. Johnson* (1991), 76 Ohio App.3d 684.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900744.

Decided Dec. 4, 1991.

*Waite, Schneider, Bayless & Chesley Co., L.P.A., Colleen M. Hegge* and *D. Arthur Rabourn,* for appellant.

*Rendigs, Fry, Kiely & Dennis, Robert Hiller* and *Paul McCartney,* for appellee Archdiocese of Cincinnati.

*James W. Gustin,* for appellee Inpro Enterprises, Inc.

*Per Curiam.*

The plaintiff-appellant, C. Curtis Stillwell, appeals under Civ.R. 54(B) from the trial court's order granting summary judgment in favor of the defendants-appellees, the Archdiocese of Cincinnati ("Archdiocese") and Inpro Enterprises, Inc. ("Eastgate Honda"), in his wrongful-death action. In challenging the summary judgment, the plaintiff contends in his two assignments of error that genuine issues of material fact exist as to the following issues: (1)

whether the Archdiocese violated a duty to the plaintiff's decedent, Richard Varlas, by knowingly serving alcoholic beverages at a church festival to persons attending who allegedly became intoxicated, and (2) whether Eastgate Honda negligently entrusted a motorcycle to Robert A. Johnson, whose actions were allegedly a proximate cause of death of the plaintiff's decedent. We hold that the assignment of error is well taken only in part as it relates to the existence of a duty owed by the Archdiocese.

On August 22, 1987, St. Mary's Church of Hyde Park, a parish of the Archdiocese, sponsored a church festival on its premises. Having presumably obtained a liquor permit, it sold beer to its patrons. Defendants Linda Sharp and Robert A. Johnson both attended. About 10:45 p.m., Johnson, who was then sixteen years of age, departed the festival on his motorcycle with a passenger seated behind him. Sharp, who had also just left the festival, was attempting to make a left turn from Observatory Avenue when Johnson attempted to pass her. His motorcycle and Sharp's vehicle collided. Johnson and his passenger were thrown from the motorcycle, which continued down Observatory Avenue and fatally injured the decedent who was walking his dog.

The plaintiff claims that a proximate cause of this collision and the decedent's death was the intoxication of Sharp and Johnson which occurred because St. Mary's workers knowingly furnished them alcohol. He argues that the breach of a duty of reasonable care owed to the decedent is founded upon common-law negligence, a violation of the dram shop statute, and other statutory violations by the Archdiocese. The Archdiocese, in maintaining that it is not liable for injuries or death off its premises under the facts as alleged, argues that plaintiff's exclusive remedies are now limited specifically to those statutory remedies set forth in R.C. 4399.01 and 4399.18.

■ At common law, one who sustained injury as a result of the actions of an intoxicated person could not recover from the person who actually furnished the intoxicating beverage. *Settlemyer v. Wilmington Veteran's Post No. 49* (1984), 11 Ohio St.3d 123, 11 OBR 421, 464 N.E.2d 521. The basis for the rule was the belief that consumption rather than sale of intoxicating liquor was the proximate cause of the injury.

In 1953, the legislature enacted a dram shop statute, R.C. 4399.01, which provided for limited liability under the following terms:

"A husband, wife, child, parent, guardian, employer, or other person injured in person, property, or means of support by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of a person, after the issuance and during the existence of the order of the department of liquor control prohibiting the sale of intoxicating liquor as defined in section 4301.01

of the Revised Code to such person, has a right of action in his own name, severally or jointly, against any person selling or giving intoxicating liquors which cause such intoxication, in whole or in part, of such person."

In *Mason v. Roberts* (1973), 33 Ohio St.2d 29, 62 O.O.2d 346, 294 N.E.2d 884, the Ohio Supreme Court held that R.C. 4399.01 was not the sole remedy available to an injured party against a liquor-permit holder and recognized two other exceptions to the common-law rule: (1) where the seller knew the purchaser could not refrain from drinking, and (2) where the sale violated a statute. Two statutes customarily used to invoke the second exception are R.C. 4301.22 (sales of beer or intoxicating liquor to intoxicated persons or habitual drunkards) and R.C. 4301.69 (selling or furnishing intoxicating alcohol or beer to underage persons).

In 1986, the General Assembly enacted R.C. 4399.18 in which it codified the liability of liquor-permit holders for injuries caused by actions of intoxicated persons. *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732; *Vitek v. Wilcox* (Nov. 9, 1990), Williams App. No. WM89000004, unreported, 1990 WL 174163. It states:

"Notwithstanding section 2307.60 and except as otherwise provided in this section and in section 4399.01 of the Revised Code, no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees. A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person *occurring off the premises or away from a parking lot under the permit holder's control* only when both of the following can be shown by a preponderance of the evidence:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:

"(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;

"(2) A person in violation of division (C) of section 4301.22 of the Revised Code;

"(3) A person in violation of section 4301.69 of the Revised Code;

"(B) The person's intoxication proximately caused the personal injury, death, or property damage." (Emphasis added.)

■ The historical evolution of the case law and the provisions of R.C. 4399.18 lead us to agree with the court's conclusion in *Vitek* that the clear intent of the General Assembly is that all common-law and prior statutory actions against liquor-permit holders or their employees for the negligent acts of intoxicated patrons are now merged and are limited to those remedies available either in R.C. 4399.01 or 4399.18.

R.C. 4399.01 applies to one who furnishes alcohol to an intoxicated person, when the name of that person appears on the order, or "blacklist," issued by the Ohio Department of Liquor Control. In the case *sub judice*, there is no suggestion that either Johnson or Sharp was "blacklisted" by the Ohio Department of Liquor Control. Assuming they were furnished alcohol while intoxicated, we hold that R.C. 4399.01 is inapplicable under these circumstances. *Great Central Ins. Co. v. Tobias* (1988), 37 Ohio St.3d 127, 129, 524 N.E.2d 168, 170.

■ Pursuant to R.C. 4399.18(A)(3), however, a permit holder may be liable to third parties injured off the premises by one of its customers if the permit holder "knowingly sold an intoxicating beverage" in violation of R.C. 4301.-69(A), prohibiting the sale of "beer or intoxicating liquor to an underage person." Accordingly, the General Assembly's 1986 enactment of R.C. 4399.18 retained the former rule that a permit holder breaches its duty of reasonable care even for off-premises injuries or death caused to third parties by the negligent conduct of a minor to whom it unlawfully furnishes alcohol, as determined by the Ohio Supreme Court in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, extending the rule to include a social host.

In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Supreme Court of Ohio held:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

Although the moving party under Civ.R. 56 is not obligated to negate every assertion of fact, the party seeking summary judgment bears the initial responsibility of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint, there is no genuine issue of fact. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

Although the plaintiff did not offer direct evidence that Johnson was "noticeably intoxicated" or that he was furnished alcohol at the festival, the police report reflects that within two hours of the collision his BAC test result was .072, which exceeded the lawful concentration of alcohol established in R.C. 4511.19(B)(1) for drivers under eighteen years of age. Despite his deposition testimony that he did not drink beer at the festival, there is evidence in the record that: (1) Johnson was seen holding a cup similar to the type used at the festival for dispensing beer; (2) he had requested another patron at the festival to purchase beer for him; and (3) during the investigation, he told the police that he had obtained beer at the festival. Although the evidence in the record is insufficient as a matter of law to establish liability under the requirements of R.C. 4399.18(A)(1) predicated on knowingly furnishing beer to Johnson while he was noticeably intoxicated, whether the Archdiocese is liable for the wrongful death of the plaintiff's decedent caused by Johnson, in violation of R.C. 4399.18(A)(3) and 4301.69 which prohibits furnishing beer to an underage person, is a triable issue if the evidence is viewed most strongly in favor of the plaintiff as provided in Civ.R. 56(C).

By contrast, the only evidence in the record concerning Sharp's alleged intoxication is her admission that she drank approximately five cups of beer while at the festival. Her BAC was .095 when tested following the collision, which is less than the ten hundredths of one gram by weight of alcohol per two hundred ten liters of breath prohibited for an adult by 4511.19(A)(1). Still, her test result may be considered with the other competent evidence in determining if she was operating her vehicle under the influence of alcohol. The absence of any evidence in the record, however, to establish even implicitly that festival employees furnished beer to her while she was "noticeably intoxicated" is, as in the case of Johnson, also fatal to plaintiff's claim against the Archdiocese under R.C. 4399.18(A)(1).

In his second assignment of error, plaintiff argues that the trial court erred in granting summary judgment in favor of Eastgate Honda because genuine issues of material fact exist as to whether Eastgate Honda negligently entrusted a motorcycle to Johnson, who was allegedly an unqualified operator of that vehicle. This assignment is overruled.

The record establishes that Eastgate Honda sold the motorcycle to Johnson's father approximately two months before the accident. At the time of the sale, the salesman was aware that the motorcycle would be utilized by Johnson. Johnson "test rode" the vehicle, and he had operated a motorcycle on numerous other occasions.

In *Gulla v. Straus* (1950), 154 Ohio St. 193, 201, 42 O.O. 261, 265, 93 N.E.2d 662, 666, the Ohio Supreme Court held that in the case of negligent entrustment, a plaintiff must demonstrate the following:

"The motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency."

On the date of the collision, Eastgate Honda was not the owner of the motorcycle and had no authority to prevent its use by Johnson. We are unaware of any rule, nor has such a rule been cited by counsel, that imposes a duty on a retailer of motorcycles, before the sale, to satisfy itself or require proof that a customer and the members of his family will be competent or qualified to operate the vehicle. Therefore, Eastgate Honda was entitled to judgment as a matter of law.

Accordingly, we affirm the summary judgment entered in favor of Eastgate Honda. We reverse the summary judgment entered in favor of the Archdiocese and remand the cause for further proceedings in accordance with law.

*Judgment accordingly.*

GORMAN, P.J., SHANNON and UTZ, JJ., concur.