CUMMINS, Appellant,

v.

RUBIO; Chicago Louie's, Inc. et al., Appellees.

[Cite as *Cummins v. Rubio* (1993), 87 Ohio App.3d 516.]

Court of Appeals of Ohio,
Greene County.

Nos. 92–CA–56, 92–CA–76.

Decided May 4, 1993.

*Terry L. Lewis*, for appellant.

*Jane M. Lynch*, for appellees.

FREDERICK N. YOUNG, Judge.

This is an appeal by Ronald Cummins, appellant, from a summary judgment rendered against him by the trial court. Appellant had suffered a knife injury inflicted by Daniel R. Rubio, Jr. outside a liquor establishment owned by Chicago Louie's, Inc., and operated by a William Marsh and a Michael Marsh, appellees. Appellant had sued all four of these parties. The trial court rendered summary judgment in favor of the latter three and dismissed them from the action, leaving appellant's claim pending only against his immediate attacker, Daniel R. Rubio, Jr.

The facts of the matter are fairly simple. Appellant and Rubio were both patrons at appellees' liquor establishment which is located in a shopping center in Fairborn, Ohio, on November 11, 1989. At some time during the course of the evening they got into a scuffle and both of them were ejected from the bar. They traded punches with each other on the sidewalk outside the bar and then the altercation ceased and appellant walked away from the scene into the parking lot. After walking approximately twenty feet away, appellant heard further commotion and apparently in the belief that a friend of his was still involved in the scuffle turned and ran back to the scene, whereupon Rubio pulled a knife, chased and tackled appellant and cut him with the knife.

Appellant filed suit against Rubio and the three appellees alleging a claim against Rubio for injuries (count one) and a claim against appellees on the ground that they knowingly sold intoxicating liquor to a visibly intoxicated Rubio and for failing to provide reasonable security measures for the protection of appellant, all of which conduct is alleged to have directly and proximately caused the injuries to

appellant (count two). All parties filed answers and Rubio even filed a counter-claim against appellant.

On November 15, 1991, the appellees filed a motion for summary judgment and for dismissal of appellant's claims against them. The trial court declined to rule on the motion and instead referred the matter to arbitration. A full arbitration hearing was held on December 6, 1991. The arbitrators received testimony from several witnesses of the altercation and employees of the appellees, together with testimony from Fairborn police officers who had responded to the scene after receiving a call from an employee of the appellees.

The three-person arbitration panel found that Rubio committed an intentional tort and recommended judgment in favor of appellant against Rubio. They also found appellees negligent on the grounds that they did not provide sufficient security, but in the opinion of the majority of the panel the appellees could not be held liable because R.C. 4399.18 provides the sole exclusive remedy for appellant.

That section of the Revised Code, known as the Dram Shop law, provides as follows:

"Notwithstanding section 2307.60 and except as otherwise provided in this section and in section 4399.01 of the Revised Code, no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees. A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:

"(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code:

"(2) A person in violation of division (C) of section 4301.22 of the Revised Code;

"(3) A person in violation of section 4301.69 of the Revised Code;

"(B) The person's intoxication proximately caused the personal injury, death, or property damage.

"Notwithstanding sections 4399.02 and 4399.05 of the Revised Code, no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against the owner of a building or premises who rents or leases the building or premises to a liquor permit holder against whom a cause of action may be brought under this section, except when the owner and the permit holder are the same person." R.C. 4399.18.

Without actually saying so, the arbitrators obviously believed that appellant was unable to make a case under that law against the appellees.

In addition to the arbitration report and award, the trial court had before it a number of depositions which had been taken by the parties as well as extensive memorandi from both parties and exhibits. On June 11, 1992, the trial court rendered its decision and judgment entry on appellees' motion, finding it well taken and dismissing all claims against them.

The trial court essentially held that R.C. 4399.18 provides the exclusive remedy for anyone injured as a result of an action by an intoxicated person who had been sold liquor at a liquor permit establishment and that appellant could not make a case under that section of the law because, first, the injury occurred outside the bar in an area not under the control of the permit holder and, second, there was no evidence whatsoever that would support a finding of fact that the appellees knowingly served liquor to an intoxicated person (Rubio).

The appellant appeals from that judgment of the trial court and presents us with three reasons why he believes the judgment was incorrect. He presents them not as assignments of error but as propositions of law, as follows:

"Proposition of Law I

"The trial court improperly granted defendant Chicago Louie's motion for summary judgment by ruling that the injured party may not assert any cause of action against a liquor permit holder unless it is founded solely upon Ohio Revised Code § 4399.18.

"A. An establishment which is operated in such a manner as to create offenses of violence is an absolute nuisance and is strictly liable for injuries which are causally related to the establishment's conduct.

"B. A proprietor of a business establishment is liable if it fails to take reasonable action to insure the safety of its customers from foreseeable harm.

"Proposition of Law II

"The trial court improperly granted defendant Chicago Louie's motion for summary judgment by ruling that plaintiff has no cause of action since his injuries occurred in the parking lot adjacent to the liquor permit holder.

"Proposition of Law III

"The trial court improperly granted defendant Chicago Louie's motion for summary judgment by ruling that there was not evidence that defendant Chicago Louie's served a noticeably intoxicated individual."

I

[1] The first issue that must be resolved is whether R.C. 4399.18 provides the exclusive remedy for a party who has been injured, as the appellant was here, by an allegedly intoxicated patron of an Ohio liquor establishment. The trial court determined that it does provide the sole and exclusive remedy, and we think its decision is absolutely correct.

The Ohio Supreme Court has stated that when the General Assembly enacted R.C. 4399.18 in 1986 it codified then-existing law, particularly in requiring that the liquor establishment have "actual knowledge of intoxication" of a patron before selling liquor to that patron in order to find the permit holder or its employee liable for civil damages. *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 363, 533 N.E.2d 732, 736.

"It has been observed that to hold otherwise would subject vendors of intoxicating beverages to ruinous liability every time they serve an alcoholic beverage. See Note, Common Law Liability of the Liquor Vendor (1966), 18 [Case] W.Res.L.Rev. 251." *Gressman, supra,* at 363, 533 N.E.2d at 736.

Prior to enactment of R.C. 4399.18, the law had prohibited only the sale of alcoholic beverages to persons who were on the so-called black list issued by the department of liquor control. The Supreme Court in *Mason v. Roberts* (1973), 33 Ohio St.2d 29, 62 O.O.2d 346, 294 N.E.2d 884, held that R.C. 4399.01 was not the sole remedy available to an injured party against a liquor permit holder and recognized two other exceptions to the ancient common-law rule of no liability: (1) where the seller knew the purchaser could not refrain from drinking, and (2) where the sale violated a statute. *Stillwell v. Johnson* (1991), 76 Ohio App.3d 684, 602 N.E.2d 1254. The court in *Stillwell* sets forth the common-law history behind the enactment of R.C. 4399.18. Since 1986 it has been held that the General Assembly clearly intended that all causes of action brought against liquor permit holders or their employees for the negligent acts of intoxicated patrons be brought pursuant to either R.C. 4399.01 or 4399.18. *Vitek v. Wilcox* (Nov. 9, 1990), Williams App. No. WM89000004, unreported, 1990 WL 174163. On the same date the Court of Appeals of the Sixth District rendered an identical decision in *Brown v. Hyatt–Allen* (Nov. 9, 1990), Lucas App. No. L–89–336, unreported, 1990 WL 174317. As the court in *Stillwell* stated:

"The historical evolution of the case law and the provisions of R.C. 4399.18 lead us to agree with the court's conclusion in *Vitek* that the clear intent of the General Assembly is that all common-law and prior statutory actions against liquor-permit holders or their employees for the negligent acts of intoxicated patrons are now merged and are limited to those remedies available either in R.C. 4399.01 or in R.C. 4399.18." *Id.* at 688, 602 N.E.2d at 1257.

We believe these decisions are clearly correct. After all, the General Assembly clearly stated in R.C. 4399.18 that "except as otherwise provided in this section and in section 4399.01 of the Revised Code, no person * * * who suffers personal injury * * * as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee * * * *unless* the injury * * * occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees." (Emphasis added.) The words could not be clearer. In order to recover against a permit holder for injuries caused by an intoxicated patron of an establishment, the injured party must bring the claim under R.C. 4399.18 or 4399.01.

Our holding that R.C. 4399.18 provides the sole, exclusive remedy for the appellant disposes of his arguments sounding in negligence and absolute nuisance, and his first proposition of law is therefore overruled.

II

We must now determine whether appellant has a case triable to a jury under R.C. 4399.18. If he does, the summary judgment rendered by the trial court was incorrect and must be reversed.

Summary judgments in Ohio are rendered under Civ.R. 56 which provides:

"(C) * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."

In order to obtain a summary judgment the moving party must establish (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly

in his favor. See *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

■ A motion for summary judgment forces the nonmoving party to bring forth specific facts on any issue for which that party bears the burden of production at trial in order to show that there is a genuine issue for trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095; *Celotex Corp. v. Cantrell* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

In *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202, the United States Supreme Court stated:

"By its very terms this [summary judgment] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." (Emphasis added.) *Id.* at 247–248, 106 S.Ct. at 2509–2510, 91 L.Ed.2d at 210–212.

■ One of the two causes of action provided by R.C. 4399.18 requires that the injury must have "occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees * * *." There is no question in this case that the injury occurred in the parking lot outside the premises of the permit holder. Chicago Louie's is located in a shopping center known as Park Hills Centre. The parking lot and sidewalk outside Chicago Louie's are for the benefit of all the occupants of the shopping center and their business invitees. The trial court found as a matter of fact, after reviewing the lease from the owner of the shopping center to Chicago Louie's, that the permit holder here had no ownership, interest, or control of any of the open common areas of the shopping center, including the sidewalk and the parking lot. In Ohio, "the control necessary as the basis for liability in tort implies the power and the right to admit people to the [premises] and to exclude people from it." *Cooper v. Roose* (1949), 151 Ohio St. 316, 319, 39 O.O. 145, 147, 85 N.E.2d 545, 547. There is not even a suggestion in the record of this case that the appellees had any kind of control over the common areas of the shopping center, and they certainly had no right to exclude persons from them.

■ The appellant attempts to evade this problem by arguing that the appellees' alleged negligence occurred inside the establishment by not providing sufficient security or by even fostering an atmosphere of violence. As the trial

court pointed out, however, the statute requires that *the injury* must occur in the permit holder's premises or in a parking lot under its control. It does not refer to where the negligence of the permit holder or its employees occurs. Thus the trial court, after reviewing the evidence "in a light most favorable to the nonmovant," found that the facts presented by the appellant do not show a violation of that section of the statute and that appellees were entitled to judgment as a matter of law on that issue. We believe the trial court was inescapably correct in its judgment, and we therefore overrule appellant's second proposition of law.

## III

■ Where an injury occurs outside an area controlled by the permit holder, R.C. 4399.18 provides a second cause of action, to wit:

"A person has a cause of action against a permit holder or his employee for personal injury * * * caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control *only* when *both* of the following can be shown by a preponderance of the evidence:

"(A) The permit older or his employee knowingly sold an intoxicating beverage to * * *:

"(1) a noticeably intoxicated person * * *;

"* * *

"(B) The person's intoxication proximately caused the personal injury * * *." (Emphasis added.)

The trial court in its decision stated that it "searched Plaintiff's memorandum in opposition and attached exhibits very carefully for the evidence upon which Plaintiff relied to form the conclusion that Chicago Louie's did indeed serve a noticeably intoxicated person, and could find nothing." We have likewise searched the record and have read all eight depositions filed with us and have found nothing. In fact there is some evidence to the contrary. The following exchange is taken from a transcript of the arbitration proceedings held on December 6, 1991, in this cause, during the cross-examination of Rocky Cochran, who was then an employee of Chicago Louie's:

"Q. Mr. Cochran, you first noticed Mr. Rubio and the others of his party when they came in the door that night?

"A. Yes.

"Q. And then did you have any occasion to notice Mr. Rubio after that; how long was it before something brought your attention to him again?

524

"A.  Well, you know, I'm always watching people to see how much they have to drink, but as far as anything else, like, is just when all that trouble started.

"Q.  Did you notice Mr. Rubio drinking anything?

"A.  Yes.

"Q.  What was he drinking there that night?

"A.  I'm not sure.  I think it was beer.

"Q.  You don't know what he was drinking?

"A.  No.

"Q.  Do you know how much he drank that night at Chicago Louie's?

"A.  No, sir.

"Q.  When was it that you saw him go to the bathroom staggering?

"A.  It was around 12:30, 1:00.

"Q.  Shortly before the fight?

"A.  Yes.

"Q.  Did you, at any time after that, after you saw him go to the bathroom staggering—

"A.  Yes.

"Q.  Did you see him order a drink?

"A.  No, not to my knowledge I didn't.

"Q.  Would it be fair to say that at no time that evening did you notice Mr. Rubio being served a drink at any time after you had seen him staggering, or otherwise drunk?

"A.  No.

"Q.  It would not be fair to say that, or would it?

"A.  No, I didn't see him take a drink, no.

"Q.  You did not see him order any drink after any time when you became aware that he was drunk?

"A.  Not to my knowledge, no.

"Q.  So any, so far as you are concerned, any sale of liquor to Mr. Rubio was made to him sometime before you were aware of any drunkeness [sic] on his part?

"A.  Yes, sir."

The appellant argues in his brief that "it is obviously the policy of Defendant Chicago Louie's to serve its customers until it becomes excessive." The record simply does not support this argument. The appellant has not come forward with *any* evidence, not even the proverbial scintilla, of liquor being served to Rubio after he was noticeably intoxicated, but rather only with the possible inference of such a situation. *Wing v. Anchor Media, supra.*

The trial court also correctly noted that the appellant never presented any evidence to prove that Rubio's intoxication was the proximate cause of the appellant's injury, as required by the statute. While both Rubio and the appellant were probably intoxicated that night, the mere fact of intoxication by itself is not necessarily the proximate cause of a knife injury. Because of the failure of proof on this issue as well as on the issue of serving an alcoholic beverage to a noticeably intoxicated person, we overrule appellant's third proposition of law and affirm the judgment of the trial court.

This court reserved judgment on payment of the costs of the balance of the transcript of the arbitration proceeding by decision and entry dated October 23, 1992. We now understand that no additional part of the transcript beyond what appellant filed with us is available. The issue of costs is therefore moot.

*Judgment affirmed.*

GRADY, P.J., and FAIN, J., concur.