OPINION
Donald W. Lesnau, Administrator for the Estate of Janice Lesnau, is appealing a decision of the Common Pleas Court of Montgomery County, Ohio, granting a motion for summary judgment filed by the Defendants, Andate Enterprises, Inc., Marilyn Taylor, Nathan C. Anderson, Donald S. Anderson, Nedra A. Anderson, and Ne'Dron, Inc.
The facts in this case are not in dispute. On May 6, 1996, Eric M. Amerson, who was eighteen years of age, drove through Superior Drive Thru and purchased a 40 oz. container of malt liquor. Amerson admitted during a deposition that he had chosen Superior Drive Thru because he knew from past experiences that he could obtain intoxicating beverages without proving he had attained the legal drinking age. Amerson drank the malt liquor; within thirty minutes he entered his automobile and drove at a high rate of speed. At approximately 3:43 p.m. he lost control of his automobile, went left of center, and collided head-on with another motor vehicle operated by Janice Lesnau. Janice died one hour later as a result of that collision.
On April 17, 1997, Amerson was convicted and sentenced for aggravated vehicular homicide with an alcohol specification. Prior to Amerson's conviction, Donald Lesnau filed a complaint against Amerson for Janice's death. Lesnau amended his complaint in March of 1997 to include Andate Enterprises, Inc., Marilyn Taylor, and Nathan Anderson. A third amended complaint was filed on March 22, 1999, adding defendants Donald Anderson, Nedra Anderson, and Ne'Dron, Inc., Defendants filed a motion for summary judgment on October 29, 1999, asserting that Lesnau had failed to plead a cause of action under R.C. 4399.18 by failing to prove that Defendants, or their employees, knew or should have known that Amerson was underage when he purchased alcohol from Superior Drive Thru. The trial court granted Defendants' motion on January 3, 2000, finding no supporting authority for Lesnau's contention that R.C. 4399.18 does not require Defendants to have known the person to whom they were selling the intoxicating beverages was underage. Instead, the trial court found that actual knowledge of the underage status of the patron was required. Because Superior Drive Thru failed to check Amerson's identification to determine if he was of legal age to purchase the intoxicating beverage, and Lesnau provided no evidence to show that Superior Drive Thru had knowledge that Amerson was underage, the trial court found that no genuine issue of material fact existed and therefore Defendants could not be held liable under R.C. 4399.18.
As an additional matter, the trial court determined that Lesnau had failed to sufficiently plead the elements of negligenceper se pursuant to R.C. 4301.69(A) and 4301.22(A), and therefore Lesnau failed to prove that Defendants had not been valid permit holders.
Lesnau filed his brief with this court on March 22, 2000. He timely asserts two assignments of error for our review.
 I. The trial court erred in granting appellee's motion for summary judgment by ruling that in an action brought pursuant to O.R.C. § 4399.18, the appellant must also establish in its cause of action that the appellees not only violated O.R.C. § 4301.69, but also had specific knowledge that the individual to whom they sold an alcoholic beverage was less than twenty-one (21) years of age.
Preliminarily, we note that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. "De novo
review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (July 10, 1997), Cuyahoga App. No. 71283, unreported, citing Dupler v. MansfieldJournal (1980), 64 Ohio St.2d 116, 119-120, 18 O.O.3d 354, 365-357. In other words, we review the trial court's decision without according it any deference. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74-75; Civ.R. 56(C). The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant. With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Defendants' favor was appropriate.
Lesnau asserts that it was error for the trial court to grant summary judgment because R.C. 4399.18 does not require that tortfeasors, who have liquor permits, have specific knowledge of the age of the person to whom they are selling the intoxicating beverage. He supports this argument by claiming that R.C. 4301.69
is a strict liability statute, and thus selling intoxicating beverages to an underage person is a violation of the plain meaning of the statute.
In making our decision, we find it necessary to examine the extensive history of case law dealing with permit holders and the sales of intoxicating beverages. Traditionally, common law offered no recovery to third persons from providers after they had been injured by intoxicated persons. Mason v. Roberts (1973),33 Ohio St.2d 29, 33. An opportunity for recovery from a permit holder was created on November 1, 1953, R.C. 4399.01, when the modern day Dram Shop Act became effective:
 A husband, wife, child, parent, guardian, employer, or other person injured in person, property, or means of support by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of a person, after the issuance and during the existence of the order of the department of liquor control prohibiting the sale of intoxicating liquor as defined by section 4301.01 of the Revised Code to such person, has a right of action in his own name, severally or jointly, against any person selling or giving intoxicating liquors which cause such intoxication, in whole or in part, of such person.
Since 1953, all common law and prior statutory actions available to a person against liquor permit holders for negligent acts of intoxicated patrons have been merged into R.C. 4399.01 or4399.18. Stillwell v. Johnson (1991), 76 Ohio App.3d 684, 688;Cummins v. Rubio (1993), 87 Ohio App.3d 516, 521. R.C. 4399.18
states in pertinent part:
 Notwithstanding division (A) of section 2307.60 of the Revised Code and except as otherwise provided in this section and in section 4399.01 of the Revised Code, a person, and the executor or administrator of the estate of a person, who suffers injury, death, or loss to person or property as a result of the actions or omissions of an intoxicated person do not have a cause of action against a liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or loss to person or property occurred on the liquor permit holder's premises or in a parking lot under the control of the liquor permit holder and was proximately caused by the negligence of the liquor permit holder or an employee of the liquor permit holder. A person has a cause of action against a liquor permit holder or an employee of a liquor permit holder for injury, death, or loss to person or property caused by the negligent actions or omissions of an intoxicated person occurring off the premises of the liquor permit holder or away from a parking lot under the liquor permit holder's control only when both of the following can be shown by a preponderance of the evidence:
(A) The liquor permit holder or an employee of the liquor permit holder knowingly sold an intoxicating beverage to at least one of the following:
 (1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;
 (2) A person in violation of division (C) of section 4301.22 of the Revised Code;
 (3) A person in violation of section 4301.69 of the Revised Code.
 (B) The person's intoxication proximately caused the injury, death, or loss to person or property.
Lesnau's argument centers around the interpretation of R.C.4399.18(A)(3) and whether or not that section requires the provider to have specific knowledge of the age of the person to whom the intoxicating beverage is sold. R.C. 4301.69 reads, in pertinent part:
 (A) Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian.
 In proceedings before the liquor control commission, no permit holder, or the employee or agent of a permit holder, charged with a violation of this division shall be charged, for the same offense, with a violation of division (A)(1) of section 4301.22 of the Revised Code.
Unfortunately, the majority of the case law pertaining to R.C. 4399.18 specifically addresses R.C. 4399.18(A)(1) and (2). We briefly mention those cases because there is a distinction between the liability of a permit holder and a social host in serving intoxicating beverages. In Settlemyer v. WilmingtonVeterans Post No. 49, American Legion, Inc. (1984), 11 Ohio St.3d 123, the court explained why social hosts are not held to the same level of care as permit holders for serving intoxicating beverages:
 * * * the commercial proprietor has a proprietary interest and profit motive, and should be expected to exercise greater supervision than in the (non-commercial) social setting. Moreover, a person in the business of selling and serving alcohol is usually better organized to control patrons, and has the financial wherewithal to do so. It also is reasonable to conclude that by virtue of its experience, the commercial proprietor is more familiar with its customers and their habits and capacities.
Id. at 127.
In 1988, the Ohio Supreme Court carved out an exception to non-liability for social hosts. Mitseff v. Wheeler (1988),38 Ohio St.3d 112. The court determined that social hosts may be held civilly liable for damages to third persons injured as a result of the actions of an intoxicated minor. Id. In Mitseff, Douglas Wheeler furnished beer to seventeen-year-old Jennifer Johnson. At that time, the legal drinking age for beer was nineteen years old. Johnson left Wheeler's residence and proceeded to a bar where she drank more alcohol. Later, Johnson was involved in an automobile accident that took the life of Kathryn Mitseff. The pertinent issue in that case was whether Wheeler could be held civilly liable under R.C. 4301.69 to the executor for Mitseff's estate for furnishing intoxicating beverages to a minor during the course of the evening. The court found that "[t]he statute created a duty that appellee, because of Johnson's age, refrain from furnishing Johnson with alcohol." Id.
at 114. The court focused on the fact that Wheeler had provided alcohol to someone who was not an adult guest, an act which was prohibited by the statute.
However, Ohio courts have not imposed a heightened duty on those who provide intoxicating beverages to intoxicated persons. In Gressman v. McClain (1988), 40 Ohio St.3d 359, the Ohio Supreme Court addressed the duty permit holders owe to injured third persons for selling intoxicating beverages to intoxicated patrons in violation of R.C. 4301.22(B) (prohibiting the sale of intoxicating beverages to an intoxicated person), and whether civil liability under R.C. 4301.22(B) or common law requires that the permit holder or its employees have actual knowledge of the patron's intoxication at the time of sale. The court confinedSettlemyer to its facts, stating that by declaring a permit holder to be a social host, the permit holder's liability is eliminated for injuries caused to third persons by intoxicated persons under certain circumstances. The court viewed the legislative purpose of R.C. 4301.22(B), which was to set standards of conduct for permit holders, and to control the legal traffic in intoxicating beverages, such that no intoxicating beverages shall be sold to intoxicated persons. Gressman, supra, at 361. The court stated:
 There is no legal distinction between the violation of a duty not to furnish intoxicating beverages to a minor and the violation of a duty not to furnish intoxicating beverages to an intoxicated person. The common goal in each instance is to protect the consumer of the beverage from his or her own conduct and to protect the public from such conduct.
 When a permit holder or his employee sells alcoholic beverages to a person who is intoxicated, an unreasonable risk of harm to the intoxicated person and to others is created.
Id. at 362. (Citations omitted.) Finally, the court held that R.C. 4301.22(B) places a "duty" on a permit holder to "observe and know when a patron is intoxicated." Id. at 363. (Citations omitted.) Actual knowledge of a person's intoxicated state, not just constructive knowledge, is necessary for a violation of R.C. 4301.22(B). Id.
Defendants rely on the Gressman decision, as did the trial court in granting the motion for summary judgment. Defendants point to the language in Gressman as support for Defendants' non-liability, because Lesnau failed to prove Defendants had known Amerson was underage at the time he was sold intoxicating beverages. Based upon the "no legal distinction" wording inGressman, supra, Defendants argue that actual knowledge of the purchaser's age is necessary for civil liability.
We do not find that to be an accurate interpretation ofGressman. Our decision is based in part on the overwhelming majority of Ohio cases since Gressman that have determined that a violation of R.C. 4301.69 is a strict liability offense. SeeHorstman v. Farris (1999), 132 Ohio App.3d 514; State v. Chumbley
(1998), 128 Ohio App.3d 323; State v. Jones (1989), 57 Ohio App.3d 155; State v. Cheraso (1988), 43 Ohio App.3d 221; Markho, Inc. v.Ohio Liquor Control Comm. (Dec. 16, 1997), Franklin App. No. 97APE04-476, unreported; D. Michael Smith Enterprises, Inc. v.Ohio Liquor Control Comm. (Oct. 29, 1997), Summit App. No. 18332, unreported; State v. Spicer (Mar. 30, 1994), Greene App. No. 93-CA-55, unreported; Willie's Joint Venture v. Ohio LiquorControl Comm. (Sept. 28, 1993), Franklin App. No. 93AP-497, unreported; State v. Wilson (June 13, 1991), Delaware App. No. 90-CA-38, unreported; State v. McConnell (Nov. 2, 1988), Champaign App. No. 88-CA-5, unreported; State v. Ohl (May 27, 1988), Geauga App. No. 1390, unreported; State v. Smith (Oct. 14, 1987), Summit App. No. 13094, unreported; State v. Breiding (Feb. 4, 1987), Summit App. No. 12770, unreported; State v. Riley (April 15, 1987), Summit App. No. 12733, unreported; State v. Won (Dec. 31, 1986), Summit App. No. 12658, unreported. In fact, the only contrary authorities in this state are three municipal court cases. State v. Parker (1994), 66 Ohio Misc.2d 1; State v. Sleppy
(1992), 62 Ohio Misc.2d 394; State v. McGhee (1984), 12 Ohio Misc.2d 18.
Although the Ohio Supreme Court has not specifically determined that R.C. 4301.69 is a strict liability statute, the court construed a similar statute in Solomon v. Liquor ControlComm. (1965), 4 Ohio St.2d 31, 33 O.O.2d 339. Solomon dealt with R.C. 4301.68, which states, "No person shall sell, offer for sale, or possess intoxicating liquor in any original container which has been diluted, refilled, or partly refilled." The court held that the provision was "plain, unambiguous and cannot be misunderstood. The statute is not of the kind where scienter or guilty knowledge must be alleged and proven." Solomon, supra, at 35, 33 O.O.2d at 341. (Citation omitted.)
Applying that rationale to the code section at issue, we are certain that, through its language in Gressman, supra, the Ohio Supreme Court did not intend to add an element of "knowingly" to the strict liability situation where someone sells intoxicating beverages to an underage person. Instead, we find that the "legal distinction" in Gressman refers to the lack of difference in the ramifications of selling intoxicating beverages to a minor and selling intoxicating beverages to an intoxicated person, and the need to control the traffic in both instances in order to prevent dangerous and deadly consequences.
As we mentioned earlier, only several cases specifically address R.C. 4399.18(A)(3). A majority of the cases pertain to whether an underage person, or his representative, has a cause of action under R.C. 4399.18(A)(3) for injuries he sustained as a result of their actions after being served intoxicating beverages in violation of R.C. 4301.69. See Klever v. Canton Sachsenheim,Inc. (1999), 86 Ohio St.3d 419; Cole v. Broomsticks, Inc. (1995),107 Ohio App.3d 573; Lemaster v. Davis (Apr. 10, 1996), Lawrence App. No. 95 CA 30, unreported; Northcutt v. Grilliot (Aug. 15, 1997), Darke App. No. 97-CA-1433, unreported. There exists only one case that addresses an issue similar to the one before us. InHolley By and Through Holley v. Beverage King Co., Inc. (1990), Franklin App. No. 89AP-1219, unreported, the Franklin County Court of Appeals determined that actual knowledge of a person's age was required to find liability under R.C. 4301.22. The court relied on the language in Gressman, supra, and held that to proceed, the plaintiff had to present actual knowledge that the permit holder had knowingly furnished intoxicating beverages to a minor. Id.
However, we decline to follow the rationale in Holley becauseHolley preceded the Tenth District Court of Appeals' decision that R.C. 4301.69 was a strict liability offense. It was not until three and a half years later, with Willie's Joint Venture dba LostCity of Atlantis v. Liquor Control Commission (Sept. 28, 1993), Franklin App. No. 93AP-497, unreported, that the Tenth District joined numerous other Ohio appellate courts in determining that R.C. 4301.69 was a strict liability offense. Therefore, in light of Willie's Joint Venture, we distinguish the rationale in Holley
and find that analysis to be inapplicable.
This interpretation is further supported by the rules of construction. "The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections." United Tel. Co. v. Limbach (1994), 71 Ohio St.3d 369,372. (Citations omitted.) The court in State v. Cheraso
(1988), 43 Ohio App.3d 221, 223, commented on the legislative intent behind R.C. 4301.69:
 It is well-established that when a statute reads, "No person shall * * *," absent any reference to the requisite culpable mental state, the statute is clearly indicative of a legislative intent to impose strict liability. In this respect, and contrary to appellant's assertion, the state was not required to prove that appellant acted knowingly or recklessly in selling beer to [the underage person]. As held by the court in State v. Kominis (1943), 73 Ohio App. 204, 28 O.O. 308:
 It is almost universally held that when a statute makes an act an offense irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense. There are annotated in 115 A.L.R., 1230, many authorities which hold that `in a prosecution for selling liquor to a minor, under a statute which forbids or makes unlawful such a sale, but does not expressly or by clear implication make ignorance of minority a defense, the seller's ignorance that the buyer was a minor, or bona fide
belief that he was of legal age, is not available as a defense.'
 `This is the general rule, and the Ohio statute forbidding sale of liquor to minors (Section 12960, General Code) does not make ignorance of minority a defense, and therefore a saloonkeeper or bartender in this state who sells liquor to a minor for his consumption violates the statute even though he may honestly believe the minor is of legal age.' (Emphasis added.) Id. at 206, 28 O.O. at 309. See, also, State v. Buttery (1953), 95 Ohio App. 236, 53 O.O. 168.
Thus, we find it unlikely that the legislature, after specifically wording the statute as a strict liability violation, would intend for R.C. 4399.18 to add the element of "knowingly" to R.C. 4301.69, transforming it from a strict liability standard with no mens rea, to a "knowingly" scienter.
Additionally, this construction is in keeping with the Ohio Supreme Court's decision in Einhorn v. Ford Motor Co. (1990),48 Ohio St.3d 27. At issue in Einhorn was the interpretation of R.C.1345.09(F)(2), which stated that the trial court had discretion to award reasonable attorney fees if "[t]he supplier has knowingly committed an act or practice that violates this chapter." The court found that if the wording of the statute was construed to have "knowingly" refer to the supplier's actions violating the Consumer Sales Practices Act, attorney fees would rarely be awarded because it would be difficult, if not impossible, to prove. The court stated in pertinent part:
 We find that the plain meaning of R.C. 1345.09(F)(2) dictates the [result in Brooks v. Hurst Buick-Pontiac-Olds-GMC (1985), 23 Ohio App.3d 85] and comports with the legislative intent. The language "* * * knowingly committed an act or practice that violates this chapter" requires that for liability to attach, a supplier must have committed a deceptive or unconscionable act or practice. This conduct must violate the Consumer Sales Practices Act. The statutory language does not state that the supplier must act with the knowledge that his acts violate the law, as appellee contends. "Knowingly" modifies "committed an act or practice" and does not modify "violates this chapter."
To find otherwise would deny attorney fees to consumers even though the supplier might have blatantly violated the Consumer Sales Practices Act. Such a conclusion flies in the face of the common-law maxim that ignorance of the law is no excuse. (Citation omitted.)
Id. at 30.
In accordance with this rationale, we must find that "knowingly" modifies "sold an intoxicating beverage" and not "underage person," which is "[a] person in violation of section4301.69 of the Revised Code." Furthermore, we have already stated that R.C. 4301.69 is a strict liability offense with no mens rea. Thus, to place a "knowingly" scienter into R.C. 4301.69 would not be consistent with the legislative intent, nor would it be appropriate.
As a final point, public policy supports this interpretation. We find it illogical to impose a heightened duty of actual knowledge of the purchaser's age onto a permit holder. To do so would be to encourage permit holders to not check purchasers' identification in an effort to avoid liability.
Furthermore, it is much easier for permit holders to comply with their duties to not serve intoxicating beverages to underage persons than to not serve intoxicated persons. To determine if a person is intoxicated requires a provider to make a judgment call. We acknowledge that there are many factors to evaluate in making that determination, but, beyond checking blood alcohol levels, there is no hard and fast rule in determining if someone is intoxicated. On the other hand, to determine if a person is underage, one must simply ask for a valid driver's license or other form of identification.
It is important to note that a statutory safeguard from liability exists under R.C. 4301.639, which provides affirmative defenses to a permit holder who, in good faith, has accepted false identification. State v. Jones (1989), 57 Ohio App.3d 155. We find that R.C. 4301.639 further supports the existence of the heightened duty for permit holders to at least check a potential purchaser's identification, or else be held liable for the consequences.
Based upon the preceding analysis, we find that the trial court did err in granting Defendants' motion for summary judgment. Accordingly, Lesnau's first assignment of error is sustained.
 II.
The trial court erred in granting Appellee's motion for summary judgment in ruling that Appellant's only cause of action was for a violation of O.R.C. § 4399.18.
Lesnau argues that Andate Enterprises' liquor permit was fraudulently obtained, thus he should be able to pursue a cause of action under R.C. 2307.60 (civil recovery for violation of criminal acts), common law negligence, and negligence per se. However, as we have already stated, R.C. 4399.01 and 4399.18 set forth the exclusive remedies available to an injured party in situations seeking liability for damages of a permit holder for serving intoxicated beverages to an intoxicated or underage person. Stillwell, supra. Because Lesnau has not provided us with evidence that Defendants were invalid permit holders at the time the violation occurred, we affirm the trial court's decision that no additional cause of action exists.
Lesnau's second assignment of error is overruled.
The judgment of the trial court affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
WOLFF, J. and FAIN, J., concur.