OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant, Robert Aubin, appeals from a decision of the Court of Common Pleas of Allen County granting summary judgment to Intervenor-Appellee, Indiana Insurance Company ("Indiana"). Aubin claims that he has a right of action against Titus Snavely, d.b.a. the Crab Shack, under a business invitee liability theory. He further maintains that this right of action is outside of the scope of Indiana's liquor liability exclusion. Thus, Aubin argues, Indiana should be required to indemnify Snavely for losses occurring under the business invitee theory. Because Aubin must proceed under Ohio's dram shop statutes, and because Snavely's insurance policy does not provide coverage for acts based upon these statutes, we affirm the trial court's judgment.
 {¶ 3} In March 2000, Aubin suffered severe injuries when he was attacked by Jason Metzger while playing pool at the Crab Shack and Tavern ("Crab Shack"). Subsequently, Aubin brought suit against both Metzger and the owner of the Crab Shack, Titus Snavely. At the time of the attack Snavely carried liability insurance through a policy underwritten by Indiana. The policy contained a liquor liability exclusion that stated:
 {¶ 4} This insurance does not apply to:
* * *
a. Liquor Liability
"Bodily Injury" or "property damage" for which any insured may be held liable by reason of:
(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
 {¶ 5} After the commencement of this suit, Indiana moved for and was granted leave to intervene. Thereafter, Indiana filed a motion for summary judgment maintaining that they had no duty to indemnify or defend Snavely, because all of Aubin's claims against Snavely fell under the liquor liability exclusion of the insurance policy. Aubin did not file a response to Indiana's motion for summary judgment, and the trial court granted the motion, ruling that Indiana had no duty to either indemnify or defend Snavely.
 {¶ 6} Aubin appeals from this judgment presenting the following single assignment of error for our review.
The trial court erred in granting the motion for summary judgment filed by Intervenor Indiana Insurance Company finding that no coverage exists as a matter of law as to the causes of action set forth in Plaintiffs/Appellants' complaint.
 {¶ 7} Aubin asserts that summary judgment was not proper because Snavely's liability under a business invitee theory is not included within Indiana's liquor liability exclusion clause.
 Standard of Review {¶ 8} An appellate court reviews a summary judgment order de novo.[1] Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination.[2] Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.[3]
If any doubts exist, the issue must be resolved in favor of the nonmoving party.[4]
 {¶ 9} The party moving for the summary judgment has the initial burden of producing some sort of evidence which affirmatively demonstrates the lack of a genuine issue of material fact.[5] The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings.[6]
 Failure to respond to a summary judgment motion {¶ 10} In the trial court, Aubin failed to file a response to Indiana's motion for summary judgment. On appeal Aubin now claims that summary judgment was improper based upon Snavely's liability as a business invitee. Arguments that parties raise for the first time on appeal will not be considered by an appellate court.[7] Despite the fact that appellate courts review summary judgment decisions de novo, "[t]he parties are not given a second chance to raise arguments that they should have raised below."[8] Therefore, an appellate court will limit its review of a summary judgment to that which was on record before the trial court.[9] Accordingly, we review the present summary judgment decision only in light of the arguments and evidence presented by Indiana's motion.
 {¶ 11} In its motion for summary judgment, however, Indiana stated that, "plaintiff's complaint alleges that Snavely had a `duty to Plaintiff Robert L. Aubin, Jr., as a frequenter and invitee of the premises to insure his safety and to protect him from the actions of intoxicated patrons of the bar premises.'" By incorporating this paragraph, and citing case law requiring claims of negligence to be "distinct, separate and independent" of liquor liability claims, Indiana addressed the issue of business invitee liability. Thus, we will consider business invitee liability in our analysis, despite Aubin's failure to file a response to summary judgment.
R.C. 4399.18 as the exclusive means of recovery
 {¶ 12} Herein, Aubin argues that summary judgment was improper because business invitee liability is outside of the scope of Indiana's liquor liability exclusion. In Ohio, common law causes of action, including business invitee liability, which are brought against liquor-permit holders based upon the actions of intoxicated patrons, have been abrogated by R.C. 4399.18.[10]
 {¶ 13} R.C. 4399.18 provides in pertinent part:
Notwithstanding division (A) of section 2307.60 of the Revised Code andexcept as otherwise provided in this section and in section 4399.01 of the Revised Code, no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a resultof the actions of an intoxicated person has a cause of action against anyliquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage occurred on the permit holder's premises or in a parking lot under the control of the permit holder and was proximatelycaused by the negligence of the permit holder or an employee of the permit holder. * * * (Emphasis added).
 {¶ 14} R.C. 2307.60 gives anyone injured by criminal actions a right to fully recover their damages in a civil action. The legislature limited this right with the enactment of R.C. 4399.18 in an attempt to codify the existing common law policy regarding the liability of others for the actions of intoxicated persons.[11]
 {¶ 15} Aubin cites Mason v. Roberts[12] for the proposition that Ohio's dram shop laws do not provide the exclusive remedy for parties injured by intoxicated patrons of bars. However, Mason was decided before the enactment of R.C. 4399.18. As various other courts have noted, R.C.4399.18 was created with the intent to merge and limit previous common law remedies.[13]
 {¶ 16} Aubin also cites Prince v. Buckeye Union[14] andAuto-Owners Ins. Co. v. JC KC, Inc.[15] Both cases held that causes of action independent and separate from the sale or service of alcohol fell outside the scope of liquor liability exclusions. The court in JC KC was persuaded by the fact that a broad reading of R.C. 4399.18, would result in the complete exclusion of all claims against the bar owner and would result in him paying an insurance premium for nothing.[16] However, that reasoning is faulty, because R.C. 4399.18 does not exclude all actions against liquor permit holders. This section only limits the recovery of those who suffer a loss caused, "as a result of the actions of an intoxicated person."[17] Therefore, neither an attack by one who is not intoxicated, nor a mere slip and fall not caused by an intoxicated person, would be included in this statute's exception.[18]
 {¶ 17} A plain reading of the law demands that common law liability based upon the on premise actions of an intoxicated person be subsumed within R.C. 4399.18.
 {¶ 18} Because Aubin's business invitee liability claim could only be brought under R.C. 4399.18, it falls within the section of the liquor liability exclusion denying coverage for liability based upon, "[a]ny statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages."
 {¶ 19} Accordingly, we find Indiana has no duty to indemnify or defend Snavely based upon business invitee liability, and we must therefore affirm the decision of the trial court.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] Hillyer v. State Farm Mut. Auto Ins. Co. (1996), 131 Ohio App.3d 172,175.
[2] Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co.,148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25, citing State ex rel.Cassels v. Dayton City School Dist. Bd. of Ed. (1994), 69 Ohio St.3d 217,222.
[3] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-687.
[4] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
[5] State ex rel. Burnes v. Athens City Clerk of Courts (1998),83 Ohio St.3d 523, 523; see also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
[6] Id.
[7] State ex rel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78,81 citing Goldberg v. Indus. Comm. (1936), 131 Ohio St. 399, 404; See, also, Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43; Owensv. French Village Co. (August 18, 1999), Wayne App. No. 97-CV-0153, unreported.
[8] Smith v. Capriolo (April 11, 2001), Summit App. No. CV 99 01 0123, unreported, citing Owens, supra.
[9] Id.
[10] Litteral v. Ole Menagerie (Sept. 4, 1996), Lawrence App. No. 65CA33, unreported; Wietrzykowski v. J-ARD Corporation (Dec. 23, 1999), Lucas App. No. L-99-1120, unreported; Lock v. Oney's Pub (Nov. 8, 1996), Montgomery App. No. 15577, unreported; Cummins v. Rubio (1993),87 Ohio App.3d 516, 520; Brown v. Hyatt-Allen American Legion Post No.538 (Nov. 9, 1990), Lucas App. No. L-89-336, unreported.
[11] Wietrzykowski, supra; see also Gressman v. McClain (1988),40 Ohio St.3d 359, 362; Brown, supra.
[12] (1973), 33 Ohio St.2d 29.
[13] Stillwell v. Johnson (1991), 76 Ohio App.3d 684, 688; see, also,Lesnau v. Andate Enterprises, Inc. (2001), 93 Ohio St.3d 467, 468-469;Litteral, supra; Cummins, 87 Ohio App.3d at 520; Brown, supra.
[14] (Dec. 2, 1992), Richland App. No. 92-CA-6, unreported.
[15] (Nov. 4, 1998), Summit App. No. 18937, unreported.
[16] Id.
[17] R.C. 4399.18.
[18] Lock, supra; see, also, Wietrzykowski, supra.